| .GUIDRY, J.
In accordance with Louisiana Revised Statute 17:71.5, the City of Baker School Board (Board) reapportioned itself based upon the federal decennial census. The Board submitted the plan to the United States Department of Justice for approval pursuant to Revised Statute 17:71.4; the Justice Department interposed no objection to the change. The Board also submitted the plan to the Louisiana Department of Elections and to the Louisiana Secretary of State. The Department of Elections objected to the plan because it failed to comply with Revised Statute 17:71.3(E) in that it divides precincts into more than two school board districts and contains more than two divided precincts.
*542 The Board filed this suit against the Department of Elections and the Secretary of State seeking a declaratory judgment that the plan complies with state law. In the alternative, the Board sought a declaration that if the plan does not comply with Revised Statute 17:71.3(E), the statute is unconstitutional since the Board believes it is impossible to create a plan that does not violate that law. The Board further alleged in its amended and supplemental petition that the statute violated its rights to due process and equal protection and disenfranchised voters by denying it the right to conduct an election when it had complied with federal law. The Department of Elections, in its answer, prayed that the plan be declared invalid and that the October 5, 2002, election be enjoined.
The trial court found that the plan violated Revised Statute 17:71.3 and was thus invalid, and further found that Revised Statute 17:71.3 was constitutional. The trial court also enjoined the October 5, 2002 school board election, including the election of the four incumbents who had no opposition. The Board appeals.
The trial court expedited the hearing in this suit because an election was involved, although the parties agree it is not an election suit within the definition of Louisiana Revised Statute 18:1409A(1). See Miller v. Oubre, 96-2022 (La.10/15/96), 682 So.2d 231. This court has also elected to expedite this matter in light of the impending election.
|sThis suit was brought as a declaratory judgment action, an ordinary proceeding. Louisiana Code of Civil Procedure article 1880 provides that when declaratory relief is sought, “all persons shall be made parties who have or claim any interest which would be affected by the declaration.”
The Board has five single-member districts. The incumbents on the Board in four of those districts qualified without opposition. The election to fill the fifth seat is contested. Those persons — the four incumbents who qualified without opposition and the contestants for the remaining district — are parties who “would be affected by the declaration.” As such, they should have been joined in this lawsuit.
Louisiana Code of Civil Procedure article 641 provides in pertinent part that a person shall be joined as a party in the action when he claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations. The rights of persons not parties to a declaratory judgment action are not prejudiced by a declaration in that suit. La. C.C. P. art. 1880. Thus, the parties not joined in the instant suit could file their own declaratory judgment actions, which could result in inconsistent judgments.
An appellate court may notice the failure to join parties needed for just adjudication on its own motion. La. C.C. P. art. 645. When this failure is noticed by an appellate court, it may remand the case to the trial court for such amendment and further evidence. La. C.C. P. art. 646.
In light of the failure of the Board to join the parties needed for just adjudication, we hereby notice the lack of these parties on our own motion and remand this case to the trial court for amendment and further evidence. Costs of this appeal are assessed to the City of Baker School Board.
REMANDED WITH INSTRUCTIONS.