836 So.2d 181 (2002)
CAMERON PARISH POLICE JURY and Earnestine T. Horn
v.
Honorable Fox McKEITHEN, in His Capacity as Secretary of State of Louisiana.
No. 2002 CE 2242.
Court of Appeal of Louisiana, First Circuit.
October 30, 2002.
Writ Denied November 2, 2002.
*182 Glenn W. Alexander, Cameron Parish District Attorney, Cameron, Joseph A. Delafield, Lake Charles, for Plaintiff/Appellee, Cameron Parish Police Jury.
J.B. Jones, Jr., Jennifer A. Jones, Cameron, for Plaintiff/Appellee, Earnestine T. Horn.
BEFORE: FOIL, FITZSIMMONS, PETTIGREW, JAMES and PATTERSON,[1] JJ.
PER CURIAM.
Can a parish police jury, by local referendum, designate a river or waterway as one on which gaming activities can be conducted *183 on a riverboat when the Louisiana Legislature has not made such a designation? In our opinion, it cannot.

FACTUAL BACKGROUND
The owners and operators of the Isle of Capri negotiated with the Cameron Parish Police Jury (CPPJ) to move one of the two riverboats located in Calcasieu Parish to Cameron Parish. IOCCameron, LLC entered into an economic development agreement with the CPPJ for the development and operation of a riverboat or dockside gaming facility in Cameron Parish. On September 9, 2002, the CPPJ adopted a resolution calling for an election to designate portions of Sabine Lake and Sabine River "a designated river or waterway for the conducting of gaming activities on a [riverboat]" and to authorize berthing of a riverboat upon which gaming is conducted. The election was set for the day of the general election, November 5, 2002.
On September 12, 2002, Dan Flavin, the Louisiana State Representative for District 36, which includes Cameron Parish, asked the Louisiana Attorney General for an opinion on the legality of conducting the local referendum without authorization by the Louisiana Legislature. In his request he opined that the election was "illegal and/or premature." In response, the CPPJ and Earnestine T. Horn, an elector and taxpayer from Cameron Parish, (plaintiffs) filed suit in district court in Cameron Parish against Fox McKeithen, the Louisiana Secretary of State. The suit sought 1) a declaratory judgment that the CPPJ has full legal authority to call and hold the referendum election, that the CPPJ used the correct legal procedure to call the election, that gaming on the lower Sabine River would be legal if the voters in Cameron Parish voted favorably on the propositions, and that the development contract is valid and legal; 2) a temporary restraining order prohibiting McKeithen `from failing to take all steps and acts necessary' to place the propositions on the November 5, 2002 ballot and `from taking any steps or performing any acts that would cause [the propositions] to be removed from the ballot'; 3) a mandatory injunction in the form and substance of the temporary restraining order; and 4) a final mandatory injunction in the form and substance of the temporary restraining order.
McKeithen filed, inter alia, an exception alleging Cameron Parish was an improper venue for the action. The trial court overruled all of the exceptions, heard the case, and issued a preliminary injunction against McKeithen. McKeithen appealed to the Louisiana Third Circuit Court of Appeal, which heard the case on an expedited basis. The third circuit ruled that proper venue was in East Baton Rouge Parish and transferred the case to the Nineteenth Judicial District Court. Cameron Parish Police Jury v. McKeithen, XXXX-XXXX (La. App. 3d Cir.10/14/02), 827 So.2d 666.
Plaintiffs amended the petition after the transfer, adding a prayer for an alternative writ of mandamus. McKeithen filed myriad exceptions, all of which were denied by the trial court. After an expedited hearing, the trial court overruled all of McKeithen's exceptions and rendered judgment on the alternative writ of mandamus, directing McKeithen to "take all steps and acts necessary to place [the propositions] on the ballot for the election of November 5, 2002" and further "enjoining and restraining [McKeithen] from taking any steps or performing any acts that would cause [the propositions] to be removed from the ballot." However, the trial court failed to rule on the declaratory judgment.

LAW AND ANALYSIS
McKeithen now appeals to this court. We note at the outset that while *184 this is not an election suit within the definition of LSA-R.S. 18:1409A(1), we have chosen to give it expedited treatment because of the importance of this matter and the impending election. See Uniform RulesCourts of Appeal, Rule 2-11.2; City of Baker School Board v. La. Dept. of Elections, XXXX-XXXX (La.App. 1st Cir.9/11/02), 835 So.2d 541.
McKeithen has filed in this court a plethora of peremptory exceptions raising the objections of no cause of action, no right of action, and nonjoinder of a party.[2] We shall first address his exception raising the objection of no cause of action on the ground that there is no basis in Louisiana law to compel an elected official to violate state law, and thus there is no basis for a preliminary injunction or writ of mandamus to compel McKeithen to place an illegally called proposition on the ballot.
Louisiana Constitution article XII, § 6(B) provides that the legislature shall define and suppress gambling. The legislature defined gaming activities allowed on designated rivers and waterways in LSA-R.S. 27:43. Subsection B(1) of that statute designates certain rivers and waterways as those upon which a gaming operator is authorized to conduct gaming operations. The lower Sabine River is not among those designated waterways.
Subsection B(2) provides for the designation of additional waterways. Louisiana Revised Statute 27:43B(2)(b)(i) is the portion of this statute crucial to the resolution of the issue in this case, i.e., whether a parish police jury, by local referendum, can designate a river or waterway as one on which gaming activities can be conducted on a riverboat when the Louisiana Legislature has not made such a designation. It provides in pertinent part:
At any time after the inclusion of a river or waterway has been proposed by an act of the legislature, the governing authority of any parish which borders the proposed river's or waterway's banks may order, by resolution, an election to permit voters in such parish to decide the question of whether the berthing of a riverboat upon which gaming is conducted on such river or waterway shall be authorized. [Emphasis added.]
Plaintiffs rely on subsection B(2)(a), which provides that the addition of a designated waterway shall be effective only after approval by voters in an election held, "pursuant to this Paragraph," in any parish that borders the proposed river's or waterway's banks. But subsection B(2)(b)(i) is part of Paragraph B(2). Thus, a local referendum pursuant to Paragraph B(2) can be held only after the legislature has designated the river or waterway as one upon which a gaming operator is authorized to conduct gaming operations.
The CPPJ's attempt to hold a referendum on riverboat gaming issues without a prior designation by the legislature is illegal and invalid. A local governing body cannot usurp the legislature's constitutional duty to define and suppress gambling. Plaintiffs seek to force the Secretary of State to place these illegal propositions on the ballot of the November 5, 2002 election. No one has a cause of action to force a public official to perform a prohibited or illegal act. For this reason, McKeithen's peremptory exception raising the objection of no cause of action is sustained. Because of our ruling on this exception, *185 we pretermit discussion of the remaining issues.

CONCLUSION
Because we find that the CPPJ cannot force the Secretary of State to place on the ballot of a local election propositions designating a river or waterway as one on which gaming activities can be conducted on a riverboat when the Louisiana Legislature has not made such a designation, we reverse the decision of the trial court. The Alternative Writ of Mandamus and Preliminary Writ of Injunction are hereby dissolved. Pursuant to our decision in this matter, any actions previously taken by the Secretary of State in placing these propositions on the absentee ballot or any other ballot are hereby declared null and void. Costs in the sum of $2,194.74 are assessed to plaintiffs, Cameron Parish Police Jury and Earnestine T. Horn.
PEREMPTORY EXCEPTION RAISING THE OBJECTION OF NO CAUSE OF ACTION SUSTAINED; REVERSED; MANDAMUS AND INJUNCTION DISSOLVED.
NOTES
[1] Hon. A. Clayton James, retired, and Michael A. Patterson are serving as judges pro tempore by special appointment of the Louisiana Supreme Court.
[2] We may consider the peremptory exception filed for the first time in this court if pleaded prior to the submission of the case for a decision and if proof of the exception appears of record. LSA-C.C.P. art 2163.