971 So.2d 1136 (2007)
Peter L. DALE and Vincent Bruno
v.
LOUISIANA SECRETARY OF STATE, Jay Dardene, & Jefferson Parish Clerk of Court, John Gegenheimer.
No. 2007 CE 2020.
Court of Appeal of Louisiana, First Circuit.
October 11, 2007.
*1139 Ronald J. Landry, Metairie, LA, for Plaintiffs/Appellants, Peter L. Dale, Vincent Bruno, and George Poplus.
William P. Bryan, III, Baton Rouge, LA, for Defendant/Appellee, State of Louisiana, through the Attorney General.
William E. Crawford, Baton Rouge, LA, for Defendant/Appellee, Jay Dardene, in his official capacity as the Louisiana Secretary of State.
E. John Litchfield, Kim Raines Chatelain, Carey Daste, New Orleans, LA, for Defendant/Appellee, Jon A. Gegenheimer.
Before WHIPPLE, GUIDRY, DOWNING, GAIDRY, and HUGHES, JJ.
PER CURIAM.
This appeal arises from a suit seeking to enjoin the reopening of the qualifying period for the upcoming election for the office of Sheriff of Jefferson Parish, brought about by the death of incumbent Sheriff Harry Lee, and challenging the constitutionality of LSA-R.S. 18:469, which provides for a three-day reopened qualifying period when a candidate with opposition dies after the close of the initial qualifying period and before the closing of the polls on the day of the primary election.

FACTS AND PROCEDURAL HISTORY
On September 4, 2007, Sheriff Harry Lee filed a notice of candidacy with the Clerk of Court for the Parish of Jefferson, seeking reelection for the office of Sheriff *1140 for Jefferson Parish in the primary election to be held on October 20, 2007. Peter Dale and Julio Castillo filed their notices of candidacy with the Jefferson Parish Clerk of Court on September 6, 2007, seeking election to the office of Sheriff of Jefferson Parish. On September 6, 2007, at 5:00 o'clock p.m., the qualifying period for the office of Sheriff of Jefferson Parish closed, with Sheriff Lee, Dale, and Castillo as the only candidates who qualified for the primary election.
Subsequently, on October 1, 2007, Sheriff Lee died, and pursuant to LSA-R.S. 18:469(A), the qualifying period for the primary election for Sheriff of Jefferson Parish was reopened on October 2, 2007, for a period of three days.
Louisiana Revised Statute 18:469(A) provides as follows:
When a person who qualified as a candidate and has opposition in a primary election for a public office dies after the close of the qualifying period and before the time for closing the polls on the day of the primary election, the qualifying period for candidates in the primary election for that office shall reopen for candidates on the day after the death and shall close at 5:00 p.m. on the third day after the death or, if that day is a legal holiday, at 5:00 p.m. on the next day which is not a legal holiday. The name of the deceased candidate shall not be printed on the primary election ballot. If the primary election ballot was printed with the deceased candidate's name on it, any votes received by the deceased candidate shall be void and shall not be counted for any purpose whatsoever.
In accordance with the statute, several additional candidates qualified during the reopened qualifying period.
However, on October 1, 2007, the date of Sheriff Lee's death, Peter Dale and Vincent Bruno filed the present suit, seeking a declaration that LSA-R.S. 18:469 is unconstitutional. Plaintiffs also sought a temporary restraining order and an injunction, enjoining the reopening of the qualifying period for the October 20, 2007 primary election for Sheriff of Jefferson Parish or a judgment declaring the reopening of the qualifying period null and void and ordering the Secretary of State to withdraw the names of any individuals who qualified during the reopening of qualification. Plaintiffs' request for a TRO was denied on October 1, 2007.
By amended petition filed on October 3, 2007, George Poplus was added as plaintiff, and he also asserted the unconstitutionality of LSA-R.S. 18:469, although on different grounds. Poplus sought the same relief as the original plaintiffs.[1]
The trial court conducted a hearing in this matter on October 4, 2007, and by judgment dated that same day, the court denied plaintiffs' request for a preliminary injunction. With regard to plaintiffs' request for a declaratory judgment declaring LSA-R.S. 18:469 unconstitutional, the trial court stated that it took no action because that matter had to proceed via an ordinary proceeding. This expedited appeal followed.

TRIAL COURT'S DENIAL OF PRELIMINARY INJUNCTION

(Assignment of Error No. 3)[2]
Although the trial court only ruled on the propriety of a preliminary injunction *1141 (which the court denied), plaintiffs contend on appeal that the trial court erred in refusing to grant a preliminary or permanent injunction prohibiting the reopening of qualifying or declaring the reopening null and void. In ruling that plaintiffs had failed to establish their entitlement to a preliminary injunction, the trial court noted that statutes are presumed constitutional, that the jurisprudence has always promoted candidacy, as opposed to restricting candidacy, and that LSA-R.S. 18:469(A) promotes candidacy. Thus, the court denied the request for an injunction.
The writ of injunction, a harsh, drastic, and extraordinary remedy, should only issue in those instances where the moving party is threatened with irreparable loss or injury and is without an adequate remedy at law. Irreparable injury has been interpreted to mean loss that cannot be adequately compensated in money damages or measured by a pecuniary standard. Giauque v. Clean Harbors Plaquemine, L.L.C., XXXX-XXXX (La.App. 1st Cir.6/9/06), 938 So.2d 135, 140, writs denied, XXXX-XXXX, XXXX-XXXX (La.1/12/07), 948 So.2d 150, 151.
Generally, a party seeking the issuance of a preliminary injunction must show that he will suffer irreparable injury if the injunction does not issue and must show entitlement to the relief sought. However, a showing of irreparable injury is not necessary when the act sought to be enjoined is unlawful, or a deprivation of a constitutional right is involved. Giauque, 938 So.2d at 140. To establish entitlement to the relief sought, the party must make a prima facie showing that he will prevail on the merits of the case. Vartech Systems, Inc. v. Hayden, 2005-2499 (La.App. 1st Cir.12/20/06), 951 So.2d 247, 255. A prima facie showing may be made by ordinary proof or by verified petition or affidavits. Freeman v. Treen, 442 So.2d 757, 761 (La. App. 1st Cir.1983).
Before issuing a preliminary injunction, the trial court should also consider whether the threatened harm to the plaintiff outweighs the potential for harm or inconvenience to the defendant and whether the issuance of the preliminary injunction will disserve the public interest. Freeman, 442 So.2d at 763.
Where a request for an injunction alleges a deprivation of a constitutional right, review of the judgment granting or denying the preliminary injunction does not require a final determination on the merits of the constitutional issue. Rather, the appellate court reviews the trial court's determination as to whether the requesting party made a prima facie showing that he would prevail on the merits of the case. See Kruger v. Garden District Association, 99-3344 (La.3/24/00), 756 So.2d 309, 311 n. 2. A trial court enjoys considerable discretion in determining whether a preliminary injunction is warranted. Thus, the trial court's ruling on the request for a preliminary injunction will not be disturbed on appeal absent a clear abuse of discretion. Vartech Systems, Inc., 951 So.2d at 256.
In their original petition, plaintiffs alleged that LSA-R.S. 18:469, authorizing the reopening of qualifying for a primary election where an opposed candidate dies, violates the equal protection and due process clauses of the Louisiana Constitution. La. Const. Art. 1, §§ 2 & 3.[3] Specifically, *1142 they alleged that plaintiff Dale had spent thousands of dollars and numerous hours campaigning for the sheriff's position and that, if qualifying were reopened and at least one person qualified, plaintiff Dale would be required to spend additional monies that the new qualifying candidate would not have to spend. Plaintiff Dale further alleged he had received campaign contributions in the maximum amount from certain individuals and would be unable to obtain additional contributions from those individuals. Thus, plaintiffs asserted, plaintiff Dale is not on "equal footing" with those candidates who would qualify if qualifying were reopened, and plaintiff Dale would be denied his constitutional right of equal protection guaranteed by La. Const. Art 1, sec. 3.
Plaintiffs additionally argued that while LSA-R.S. 18:469 mandates the reopening of qualifying upon the death of a candidate, the Election Code has no similar provision requiring the reopening of qualifying if the candidate withdraws from a race, provided there is a sufficient number of remaining candidates. See LSA-R.S. 18:501. Thus, plaintiffs argued that the reopening of qualifying for the death of a candidate while not reopening qualifying for the withdrawal of a candidate would deny equal protection and due process to plaintiff Dale, candidate Castillo, and the citizens of Jefferson Parish and the State.
Plaintiffs also alleged that because Sheriff Lee's death occurred within thirty days of the scheduled primary election, LSA-R.S. 18:469(D), requiring that the primary election be held on the date of the general election and the general election for the office be scheduled thereafter, would necessitate an additional election, with attending unnecessary expenses. According to plaintiffs, these unnecessary expenses would violate plaintiff Bruno's due process rights as a taxpayer, by forcing taxpayers to pay the additional cost in a death situation as opposed to a situation of withdrawal of a candidate.
Finally, with regard to plaintiff Poplus, plaintiffs contended in the first amended petition that Poplus wished to qualify as a candidate for the office of Sheriff of Jefferson Parish when qualifying was reopened following Sheriff Lee's death. According to the amended petition, Poplus wished to qualify by nominating petition, in accordance with LSA-R.S. 18:465, rather than by paying the qualifying fee, which was alleged to be $450.00. However, plaintiffs further alleged, LSA-R.S. 18:469(A) "effectively prohibit[ed]" plaintiff Poplus from qualifying by nominating petition, by requiring the qualifying petition to be reopened the day after the death of a candidate and to be closed on the third day after reopening. According to plaintiffs, these strict time constraints make qualifying by nominating petition "next to impossible," given the requirements that must be adhered to in order to qualify in this manner. Thus, plaintiffs contended that LSA-R.S. 18:469 violated plaintiff Poplus's constitutional right to equal protection guaranteed by La. Const. Art. 1, sec. 3. Asserting this additional argument regarding the alleged unconstitutionality of LSA-R.S. 18:469 in the amended petition, plaintiffs sought the same relief as asserted in the original petition, i.e., a declaration that LSA-R.S. 18:469 was unconstitutional *1143 in that it violated plaintiffs' rights to equal protection and due process.
Generally, the state constitutional guarantee of equal protection mandates that state laws affect alike all persons and interests similarly situated. The equal protection clause, however, does not require absolute equality or precisely equal advantages. It is possible for parties to be treated differently without violation of equal protection rights. Equal treatment of all claimants in all circumstances is not required. The law merely requires equal application in similar circumstances. Beauclaire v. Greenhouse, XXXX-XXXX (La.2/22/06), 922 So.2d 501, 505. Where the challenged classification is based on grounds other than discrimination because of birth, race, age, sex, social origin, physical condition, or political or religious ideas, the law creating the classification is presumed to be constitutional. Thus, the party challenging the constitutionality of the law has the burden of proving it unconstitutional by showing the statute fails to serve a legitimate government purpose. Beauclaire, 922 So.2d at 505-506.
A statute violates notions of substantive due process when it does not bear a real and substantial relationship to an appropriate governmental objective. The test is whether the regulation is reasonable in relation to the goal to be attained and is adopted in the interest of the community as a whole. Valentine v. Thomas, 433 So.2d 289, 293 (La.App. 1st Cir.), writ denied, 440 So.2d 728 (La.1983); see also Louisiana Seafood Management Council v. Louisiana Wildlife and Fisheries Commission, 97-1344 (La.App. 1st Cir.9/1/98), 719 So.2d 119, 130, writ denied, 98-2944 (La.1/29/99), 736 So.2d 832, cert. denied, 528 U.S. 868, 120 S.Ct. 166, 145 L.Ed.2d 141 (1999).
In the instant case, we agree with the trial court that LSA-R.S. 18:469 serves a legitimate government purpose of promoting candidacy. Moreover, we agree that the issuance of a preliminary injunction would disserve that public interest.
With regard to the argument that plaintiff Poplus's equal protection rights are violated by the statutory requirement that qualifying be reopened for three days following the death of a candidate, and that the statute effectively prohibits him from qualifying by nominating petition, we note that LSA-R.S. 18:469, which statute plaintiffs seek to have declared unconstitutional, contains no provision governing the payment of a qualifying fee or requirements for qualifying pursuant to a nominating petition. Rather, the requirements, and related time delays, for qualifying pursuant to a nominating petition are set forth in LSA-R.S. 18:465,[4] a statute whose constitutionality *1144 plaintiffs have not challenged herein.[5]
Moreover, the record contains no evidence that plaintiff Poplus, in his request for relief, sought an order permitting him to participate in the primary election without prepayment of the qualifying fee. See Bullock v. Carter, 405 U.S. 134, 136 & n. 3, 92 S.Ct. 849, 852 & n. 3, 31 L.Ed.2d 92 (1972). Rather, the relief he and the other plaintiffs seek is an injunction, prohibiting the reopening of qualifying and withdrawing the names of any other prospective candidate who qualified in the reopened qualifying period. Clearly, the issuance of a preliminary injunction or order as requested in plaintiffs' prayer for relief would disserve the public's compelling interest in being allowed to choose from all qualified candidates who seek to run for office. The harm in enjoining the reopening of qualifying and, thus, limiting rather than promoting candidacy, outweighs any potential harm alleged by plaintiffs herein. See Freeman, 442 So.2d at 763.
Additionally, we note that to the extent that plaintiffs have alleged that plaintiff Dale, plaintiff Bruno and the taxpayers may incur a financial burden as a result of reopening the qualifying period and delaying the primary election, as bases for their request for relief, we observe that a claim of financial loss does not justify injunctive relief. See Vartech Systems, Inc., 951 So.2d at 262, and Kruger v. Garden District Association, XXXX-XXXX (La. App. 4th Cir.1/17/01), 779 So.2d 986, 991, writ denied, XXXX-XXXX (La.5/4/01), 791 So.2d 658.
Accordingly, for these reasons, we conclude that the allegations of plaintiffs' petition are insufficient to establish a prima facie case that they would prevail on the merits on such constitutional challenges and find no abuse of the trial court's discretion in denying the preliminary injunction.
TRIAL COURT'S FAILURE TO RULE ON REQUEST FOR DECLARATORY JUDGMENT (Assignments of Error Nos. 1 & 2)
In refusing to rule on plaintiffs' request for declaratory judgment, the trial court found that this matter was before the court on a request for an injunction, a summary proceeding. The court then held that because a challenge to the constitutionality of a statute was an ordinary proceeding, the court "was not going to upset that process" and, accordingly, would not take any action on the issue of the constitutionality of LSA-R.S. 18:469 at that time. On appeal, plaintiffs contend that the trial court erred in failing to decide the constitutional issue within twenty-four hours of the case being submitted to the court as an election contest case, see LSA-R.S. 18:1409(C), and in failing to conclude that LSA-R.S. 18:469 is in fact unconstitutional.
The hearing in this matter was set pursuant to a rule to show cause why an injunction should not issue prohibiting the reopening of qualifying for the office of *1145 Sheriff of Jefferson Parish. Unless otherwise stipulated, a hearing on a rule to show cause is a summary proceeding, not a trial on the merits. LSA-C.C.P. art. 2592; Department of Health and Hospitals v. Teachers' Retirement System of Louisiana, 95-1034 (La.App. 1st Cir.12/15/95), 665 So.2d 748, 751; Hickman v. Strain, 349 So.2d 905, 907 (La.App. 1st Cir.1977). A suit for declaratory judgment, on the other hand, is an ordinary, not a summary, proceeding. Bergen Brunswig Drug Company v. Poulin, 93-1945 (La.App. 1st Cir.6/24/94), 639 So.2d 453, 456. Thus, ordinarily, where the parties do not agree to try the declaratory judgment action coincident with the preliminary injunction hearing, a declaratory judgment action on the constitutionality of a statute is not ripe for determination.[6]Kruger, 756 So.2d at 310-311.
However, the legislature in drafting and enacting the Election Code sought to expedite contests involving candidacy and elections. The integrity of the election process mandates the same. Fitzmorris v. Lambert, 382 So.2d 169, 173 (La. App. 1st Cir.), writ refused, 384 So.2d 793 (La.1979). As such, the legislature has provided that Election Code contests and challenges are to be tried summarily and shall begin no later than 10:00 a.m. on the fourth day after suit was filed. LSA-R.S. 18:1409(A)(1). Thus, where the trial court, in denying a request for preliminary injunction, reserves the issue of the merits of an action brought pursuant to the Election Code for some indefinite future date, the trial court has no authority to do so beyond the time constraints established by the Election Code. LSA-R.S. 18:1409(A)(1); Plaquemines Parish Council v. Petrovich, 95-2263 (La.App. 4th Cir.10/18/95), 662 So.2d 542, 543, writs denied, 95-2540, 95-2541 (La.10/27/95), 663 So.2d 703, writ granted and order on rehearing vacated, 95-2601 (La.11/3/95), 663 So.2d 703.
Nonetheless, a review of plaintiffs' petition herein reveals that, although this suit for declaratory and injunctive relief necessarily involves the interpretation of a statutory provision of the Election Code, i.e., LSA-R.S. 18:469, the suit does not appear to state a cause of action under the Louisiana Election Code, so as to subject it to the restrictive time delays set forth therein. Specifically, LSA-R.S. 18:1401 sets forth the actions which may be instituted pursuant to the Election Code: a qualified elector may bring an action objecting to the candidacy of a person who qualified in a primary election; a candidate may bring an action contesting the results of an election; a person in interest may bring an action contesting an election in which a proposition was submitted to the voters; and a qualified voter may bring an action objecting to the calling of a special election to fill a vacancy. Additionally, LSA-R.S. 18:1409(A)(1), establishing the time delays for trial of an election suit, provides as follows: "Actions objecting to the calling of a special election, objecting to candidacy, or contesting an election shall be tried summarily, without a jury, and in open court. The trial shall begin no later than 10:00 a.m. on the fourth day after suit was filed."
A "special election" in the context of the Election Code refers to elections to fill a "newly created office or a vacancy in an *1146 existing office."[7]See LSA-R.S. 18:402(E). The scheduled election for Sheriff of Jefferson Parish is not a special election, and plaintiffs herein have not objected to the "calling" of a special election, but only to the reopening of the qualifying period and the resulting re-scheduling of the election to the general election date.
Moreover, although plaintiffs request that the names of any candidate qualifying during the reopened qualifying period be withdrawn, see LSA-R.S. 18:494, the petition does not name a candidate, nor has any candidate been served or given an opportunity to respond to the challenge. See LSA-R.S. 18:1402(A); 18:1406(C). The time constraints provided for in LSA-R.S. 18:1409 do not apply where there is no objection to the candidacy of a "particular" person. Miller v. Oubre, 96-2022 (La.10/15/96), 682 So.2d 231, 234.
Plaintiffs also have not contested an "election" herein. Louisiana Revised Statute 18:1401(B) provides for contests of elections as follows:
A candidate who alleges that, except for substantial irregularities or error, or except for fraud or other unlawful activities in the conduct of the election, he would have qualified for a second party primary election or for a general election or would have been elected may bring an action contesting the election.
A contest of an election clearly envisions that an election has already occurred. See LSA-R.S. 18:1405(B)(An action contesting an election involving election to office shall be instituted on or before the ninth day after the date of the election.); see generally Forum for Equality PAC v. City of New Orleans, XXXX-XXXX (La.App. 1st Cir.8/23/04), 887 So.2d 45, 47, writ denied, 2004-2185 (La.9/2/04), 886 So.2d 1084 (Action contesting an election on a proposed constitutional amendment shall be instituted within ten days after promulgation of the results of the election by the Secretary of State). Thus, plaintiffs have not set forth a cause of action for an election contest.
Accordingly, plaintiffs' suit herein does not technically state a cause of action under the Louisiana Election Code. As such, we cannot say as a matter of law that the trial court erred in failing to consider the merits of the request for declaratory judgment within the time constraints set forth in LSA-R.S. 18:1409(A)(1).
Nevertheless, pursuant to Uniform RulesCourts of Appeal, Rule 2-11.2, this court in the past has chosen to give expedited treatment to a suit that, while not an election suit within the definition of LSA-R.S. 18:1409, involved an impending election. Cameron Parish Police Jury v. McKeithen, 2002-2242 (La.App. 1st Cir.10/30/02), 836 So.2d 181, 183-184, writ denied, 2002-2702 (La.11/2/02), 828 So.2d 1106; City of Baker School Board v. Louisiana Department of Elections, XXXX-XXXX (La.App. 1st Cir.9/11/02), 835 So.2d 541, 542. Given the impending primary election for the office of Sheriff of Jefferson Parish, this court has chosen to grant expedited treatment to the appeal herein. In our view, the trial court likewise should also hear and decide the remaining request for declaratory judgment expeditiously[8]. See LSA-C.C.P. art. *1147 2164.[9]

CONCLUSION
For the above and foregoing reasons, the October 4, 2007 judgment, denying plaintiffs' request for preliminary injunction is affirmed. We remand this case to the trial court for further proceedings, to be conducted as expeditiously as possible.
Costs of this appeal are assessed to plaintiffs, Peter Dale and Vincent Bruno.
OCTOBER 4, 2007 JUDGMENT DENYING PRELIMINARY INJUNCTION AFFIRMED; REMANDED FOR FURTHER PROCEEDINGS.
GAIDRY J., concurs and assigns reasons.
GUIDRY J., dissents assigns reasons.
HUGHES J., dissents for reasons assigned by GUIDRY.
GAIDRY, J., concurring in part.
While I generally agree with the majority's analysis and our remand, I concur in part because I believe the better procedural disposition of the judgment denying the preliminary injunction would be to stay our review and determination of the appeal of that judgment, pending the trial court's expedited determination of the declaratory judgment action after the joinder of all parties needed for just adjudication.
GUIDRY, J., dissenting.
I respectfully dissent from the majority's determination that plaintiffs failed to make a prima facie showing that La. R.S. 18:469 is unconstitutional as applied herein, such as to entitle them to preliminary injunctive relief. As alleged in the amending petition, plaintiff Poplus desired to qualify by nominating petition, pursuant to La. R.S. 18:465, during the reopened qualifying period for the office of Sheriff of Jefferson Parish.
A candidate who desires to run for elected office in Louisiana is entitled by statute to so qualify by either of two means. Specifically, La. R.S. 18:461(A)(1) provides as follows:
A person who desires to become a candidate in a primary election shall qualify as a candidate by timely filing a notice of his candidacy, which shall be accompanied either by a nominating petition or by the qualifying fee and any additional fee imposed. A candidate whose notice of candidacy is accompanied by a nominating petition shall not be required to pay any qualifying fee or any additional fee.
Thus, any individual seeking to run for public office is entitled to do so either by payment of the qualifying fee or by nominating petition.
The procedure for qualifying by nominating petition is set forth in La. R.S. 18:465. Pursuant to La. R.S. 18:465(B), a person may only be nominated as a candidate in a primary election by persons who are registered to vote on the office who sign a nominating petition no more than 120 days before the qualifying period opens for candidates in the primary election. Each voter who signs a nominating petition shall date his signature and shall provide the ward and precinct in which he is registered to vote, and his residence *1148 address. The number of qualified voters who must timely sign a nominating petition for any officer elected throughout a parish is 400. La. R.S. 18:465(C)(3)(h).
Once a prospective candidate has acquired the required number of signatures on a nominating petition, the nominating petition shall be submitted to the Registrar of Voters in the parish or parishes where signors reside not less than thirty days before the qualifying period ends for candidates in the primary election. The Registrar of Voters must then certify the nominating petition by determining and certifying which of the signors who provided a residence address in the parish signed the nominating petition timely and are registered to vote on the office the candidate seeks.[1] La. R.S. 18:465(E). The prospective candidate must then submit the nominating petition certified by the Registrar of Voters with his notice of candidacy prior to the close of qualifying. La. R.S. 18:465(A). Louisiana Revised Statute 18:465 contains no provision waiving these requirements in the event qualifying is reopened upon the death of a candidate.
However, as noted by plaintiffs, La. R.S. 18:469(A), mandating the reopening of qualifying on the day immediately following a candidate's death, for a period of only three days, renders the statutorily granted option of qualifying pursuant to a nominating petition an impossibility.[2] Plaintiff Poplus would be precluded from qualifying by nominating petition during the reopened qualifying period held so soon after the death of a candidate, because he would be unable to submit his nominating petition with the requisite number of signatures to the Registrar of Voters for verification by the required deadline of "not less than thirty days before the qualifying period ends." See La. R.S. 18:469(E). As such, La. R.S. 18:469(A), as applied herein denies plaintiff Poplus the right to qualify by nominating petition during the reopened qualifying period brought about by the death of Sheriff Lee.
As articulated by the United States Supreme Court, an election system that does not provide a reasonable alternative means of access to the ballot other than the payment of a filing fee results in a denial of equal protection of the laws. Lubin v. Panish, 415 U.S. 709, 718, 94 S.Ct. 1315, 1320-1321, 39 L.Ed.2d 702 (1974); Bullock v. Carter, 405 U.S. 134, 149, 92 S.Ct. 849, 859, 31 L.Ed.2d 92 (1972). The right of a party or individual to a place on a ballot is entitled to protection and is intertwined with the rights of voters. Moreover, the right to vote is "heavily burdened if that vote may be cast only for one of two parties at a time when other parties are clamoring for a place on the ballot." Lubin, 415 U.S. at 716, 94 S.Ct. at 1320 (quoting, Williams v. Rhodes, 393 U.S. 23, 31, 89 S.Ct. 5, 11, 21 L.Ed.2d 24 (1968)).
In the instant case, the Louisiana legislature has provided an alternative means *1149 for qualifying other than the payment of a qualifying fee, i.e., the nominating petition procedure set forth in La. R.S. 18:465. However, because of the strict time constraints for the reopening of qualifying upon the death of a candidate provided for in La. R.S. 18:469, any candidate seeking to qualify by nominating petition during a reopened qualifying period brought about by the death of a candidate is effectively precluded from seeking office for that position.
Accordingly, because La. R.S. 18:469(A) effectively prohibits a candidate from qualifying as a candidate by nominating petition in a reopened qualifying period, I would conclude that plaintiffs herein made a prima facie showing that they would prevail on the merits of their claim that La. R.S. 18:469, as applied herein, violates equal protection, thereby establishing their entitlement to injunctive relief. Thus, I believe the trial court abused its discretion in failing to issue a preliminary injunction and would render judgment on their request for injunctive relief ordering the Louisiana Secretary of State to withdraw the names of any individuals who qualified during the reopening of qualification. For these reasons, I respectfully dissent.
NOTES
[1] Secretary of State Jay Dardenne objected to the filing of plaintiffs' first amended petition. However, at the hearing in this matter, the trial court ruled that it would allow plaintiffs to file the amended petition.
[2] For ease of discussion, we address this assignment first.
[3] Louisiana Constitution, Article 1, section 3 provides as follows:

No person shall be denied equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude or prohibited, except in the latter case as punishment for crime.
Louisiana Constitution Article 1, section 2 provides that "[n]o person shall be deprived of life, liberty, or property, except by due process of law."
[4] Pursuant to LSA-R.S. 18:465(B), a person may only be nominated as a candidate in a primary election by persons who are registered to vote on the office who sign a nominating petition no more than 120 days before the qualifying period opens for candidates in the primary election. Each voter who signs a nominating petition shall date his signature and shall provide the ward and precinct in which he is registered to vote, and his residence address. The number of qualified voters who must timely sign a nominating petition for any officer elected throughout a parish is 400. LSA-R.S. 18:465(C)(3)(h).

Once a prospective candidate has acquired the required number of signatures on a nominating petition, the nominating petition shall be submitted to the Registrar of Voters in the parish or parishes where signors reside not less than 30 days before the qualifying period ends for candidates in the primary election. The Registrar of Voters must then certify the nominating petition, by determining and certifying which of the signors who provided a residence address in the parish signed the nominating petition timely and are registered to vote on the office the candidate seeks. LSA-R.S. 18:465(E). Louisiana Revised Statute 18:465 contains no provision waiving these requirements in the event qualifying is reopened upon the death of a candidate.
[5] Even assuming plaintiff Poplus has standing to challenge the reopening of qualifying on the basis of a challenge to LSA-R.S. 18:465, we note that Poplus does not allege nor does the record contain any evidence that he attempted to qualify in this manner, nor does the record contain any allegation or evidence of a disadvantaged economic status. Cf. Lubin v. Parish, 415 U.S. 709, 717, 94 S.Ct. 1315, 1320, 39 L.Ed.2d 702 (1974), and Bullock v. Carter, 405 U.S. 134, 135, 93 S.Ct. 849, 852, 31 L.Ed.2d 92(1972).
[6] At the hearing below, while the Attorney General's counsel announced he was ready to proceed as to the challenge to the constitutionality of the statute "under the expedited time constraints of the election code," counsel for the Secretary of State objected to the court hearing the constitutional issue at the hearing for injunctive relief.
[7] Louisiana Revised Statute 18:602 sets forth the procedure to follow when a vacancy occurs in a local office, such as sheriff.
[8] Moreover, we note that LSA-C.C.P. art. 1880 provides that when declaratory relief is sought, "all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." Numerous candidates have qualified in the reopened qualifying period, in addition to plaintiff Dale and Castillo, who qualified in the original qualifying period. Those other candidates for the office of the Sheriff of Jefferson Parish are parties who "would be affected by the declaration." As such, they seemingly should be joined in this lawsuit. City of Baker School Board, 835 So.2d at 542.
[9] Louisiana Code of Civil Procedure article 2164 provides, in pertinent part, that "[t]he appellate court shall render any judgment which is just, legal, and proper upon the record on appeal."
[1] While La. R.S. 18:465(E) contains an exception with regard to special elections, which requires the nominating petition to be submitted to the Registrar of Voters prior to the opening of qualifying, rather than no less than 30 days before the qualifying period ends, the election at issue is not a special election. Moreover, even if this exception were applicable, the requirement that the nominating petition be filed with the Registrar of Voters before the opening of qualifying would mandate that the nominating petition be filed with the Registrar of Voters on the day of the deceased candidate's death in a situation governed by La. R.S. 18:469(A). Such a requirement would clearly be an impossibility.
[2] The law does not require a litigant to perform a vain and useless act. Kern v. River City Ford, Inc., 98-0407, p. 11 (La.App. 1st Cir.2/19/99), 754 So.2d 978, 984. Thus, any failure of plaintiffs to allege that Poplus had attempted to qualify pursuant to the nominating petition procedure is of no moment.