STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 CA 1240

**LIVINGSTON PARISH SCHOOL BOARD**

**VERSUS**

**ASHLEY KELLETT**

Judgment Rendered:  **MAY 1 8 2023**

* * * * * * *

On Appeal from the 21st Judicial District Court
In and for the Parish of Livingston
State of Louisiana
Trial Court Docket Number 165864, Div. "F"

Hon. William S. Dykes, Judge Presiding

* * * * * * *

Claiborne W. Brown                    Counsel for Defendant/Appellant,
Mandeville, Louisiana                 Ashley Kellett

Mark D. Boyer                         Counsel for Plaintiff/Appellee,
Diana L. Tonagel                      Livingston Parish School Board
Denham Springs, Louisiana

* * * * * * *

**BEFORE: WELCH, PENZATO, AND LANIER, JJ.**

**PENZATO, J.**

Appellant, Ashley Kellett, appeals from a February 22, 2023 judgment denying, in part, her motion for dissolution of preliminary injunction. Ms. Kellett challenges certain portions of a preliminary injunction, issued on April 8, 2020, in favor of the Livingston Parish School Board, which enjoined, restrained, and prohibited Ms. Kellett from making certain statements regarding the School Board and its faculty, staff, and employees.

First, we recall the show cause order issued by this court and maintain the appeal. Next, we reverse the portion of the February 22, 2023 judgment denying Ms. Kellett's motion for dissolution of preliminary injunction to the extent the motion sought reversal of the portion of the April 8, 2020 preliminary injunction, which constitutes an impermissible prior restraint on Ms. Kellett's right to free speech protected by the First Amendment. Finally, we grant Ms. Kellett's motion for dissolution of preliminary injunction in part and strike the portion of the April 8, 2020 preliminary injunction that enjoined, restrained, and prohibited Ms. Kellett from engaging in any form of written or verbal "disparagement" toward any School Board member, administrator, faculty, or staff at Live Oak Elementary School and from "making or publishing and/or from engaging in any activity to make, disseminate, publish or broadcast defamatory, slanderous, libelous, frivolous and/or fraudulent claims or statements concerning [the School Board], its faculty, staff and employees, as defined by La. R.S. 14:47-48, 13:3381(B), directly or by her enlisting the assistance of any other person(s) on her behalf ...." The matter is remanded to the trial court for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

The instant dispute began when the School Board discovered that Ms. Kellett, the mother of a child attending Live Oak Elementary School, "repeatedly concealed" electronic devices in her child's clothing or personal belongings in

November 2019. Ms. Kellett purportedly used these devices to "intercept communications by and between faculty, students, and others in the school and/or classroom during school hours and while on school property." One such device, an AngelSense, had GPS capability to track the child's whereabouts and also allowed verbal communications between Ms. Kellett and her child. The School Board obtained a temporary restraining order (TRO) on January 27, 2020, then a preliminary injunction on April 8, 2020, prohibiting Ms. Kellett's use of these devices on school property.

The School Board also accused Ms. Kellett of being critical of the School Board and publicly discussing "her child's special needs" and individual education plan with the media. Ms. Kellett allegedly maintained a "live web blog and other ongoing social media posts" that involved discussion and disclosure of information related to the School Board, the special education program, and other identified individuals. According to the School Board, these posts have "caused concern for parents of other [Livingston Parish School System] students and have defamed and slandered the reputations of [the School Board] and Live Oak Elementary staff." The January 27, 2020 TRO and April 8, 2020 preliminary injunction addressed this additional complaint by the School Board. Pertinently, the April 8, 2020 preliminary injunction enjoined, restrained, and prohibited Ms. Kellett from:

\* \* \* \*

> d) ... engaging in any form of written, verbal, or physical displays of hostility, anger, or disparagement, and/or from making threats of any physical assault, and/or any disorderly conduct that results in fear or disruption of activities through hostile and inappropriate behavior toward any LPSB [Livingston Parish School Board] member, administrator, faculty or staff at Live Oak Elementary School and/or on any LPSS [Livingston Parish School System] public school bus or other school property, and/or while participating in any educational or other school related business or function, including but in no way limited to any Individual Education Plan (IEP) or Individual Health Plan (IHP) meetings or evaluations required to facilitate the minor child's special education and health care needs;

3

f) ... making or publishing and/or from engaging in any activity to make, disseminate, publish or broadcast defamatory, slanderous, libelous, frivolous and/or fraudulent claims or statements concerning [the School Board], its faculty, staff and employees, as defined by La. R.S. 14:47-48, 13:3381(B), directly or by her enlisting the assistance of any other person(s) on her behalf ....

\* \* \* \*

No appeal was taken from the issuance of the April 8, 2020 preliminary injunction. *See* La. C.C.P. art. 3612. Instead, Ms. Kellett filed a motion for dissolution of preliminary injunction on June 13, 2022.[1] Ms. Kellett asserted that the preliminary injunction "unquestionably constitutes unconstitutional prior restraint" on her right to free speech and the School Board failed to meet its "heavy burden" of proving entitlement to the preliminary injunction restricting speech. Ms. Kellett further asserted that the School Board failed to show irreparable harm would result from the use of the complained-of electronic devices placed on her child.

At the conclusion of the June 20, 2022 contradictory hearing, the trial court granted Ms. Kellett's motion for dissolution of preliminary injunction in part with respect to the prohibition of her use of the AngelSense device and amended the April 8, 2020 preliminary injunction to allow Ms. Kellett to use the AngelSense device within the articulated parameters, which are not pertinent here. The trial court denied Ms. Kellett's motion in all other respects. Ms. Kellett then filed this appeal.

**SHOW CAUSE ORDER**

This court issued a show cause order on November 21, 2022, noting that the appellate record did not contain a written judgment as to the June 20, 2022 oral ruling. After receiving briefs from both parties, an interim order was issued on

---

[1] Ms. Kellett's motion was filed shortly after the School Board filed a motion and order for enforcement of the preliminary injunction and for sanctions against Ms. Kellett for contempt of court. The merits of this motion and the trial court's ruling are not before this court in this appeal and are, therefore, not discussed.

4

January 25, 2023, remanding the matter for the limited purpose of requesting that the trial court issue a written judgment addressing Ms. Kellett's motion for dissolution of preliminary injunction. The appeal record was thereafter supplemented with a written judgment, signed February 22, 2023, granting Ms. Kellett's motion for dissolution with respect to the prohibition of the use of the AngelSense device, subject to conditions set forth in the judgment (not pertinent here), and denying the motion in all other respects. Thus, we recall the show cause order and maintain the appeal, finding the appeal is timely and properly before us.[2] *See* La. C.C.P. art. 3612(C); *Stevens Construction & Design, L.L.C. v. St. Tammany Fire Protection District No. 1*, 2018-1759 (La. App. 1st Cir. 1/16/20), 295 So.3d 954, 958 (*en banc*), *writ denied*, 2020-00977 (La. 11/4/20), 303 So.3d 650.

## DISCUSSION

On appeal, Ms. Kellett asserts that the trial court erred in denying the motion for dissolution of preliminary injunction "pertaining to any prohibition upon the defendant from making certain public statements regarding the [School Board] and its employees." Ms. Kellett argues that the prohibition against making public statements that are purportedly defamatory, slanderous, libelous, frivolous, and/or fraudulent concerning the School Board, its faculty, staff, and employees "constitute[s] unconstitutional prior restraint of protected speech under the United States Constitution." Ms. Kellett does not assert that the trial court erred by

---

[2] In response to the show cause order, the School Board argued that Ms. Kellett "cannot circumvent" the appellate process by filing a motion for dissolution rather than filing an appeal and that she improperly sought a devolutive appeal from an interlocutory order. However, La. C.C.P. art. 3612(C) states, "An appeal from an order or judgment *relating to a preliminary injunction* must be taken, and any bond required must be furnished, within fifteen days from the date of the order." (Emphasis added.) This broad language applies to the February 22, 2023 judgment on the motion for dissolution of preliminary injunction filed in accordance with La. C.C.P. art. 3607. *See Turbine Powered Technology, LLC v. Crowe*, 2018-0881 (La. App. 1st Cir. 9/5/19) (unpublished), 2019 WL 4201579, *9, *writ denied*, 2019-01548 (La. 11/19/19), 282 So.3d 1063 (considering a motion for dissolution of preliminary injunction on appeal where no appeal was taken following the issuance of the preliminary injunction). We likewise find no merit to the School Board's argument that the appeal is moot because of statements purportedly made by Ms. Kellett during a December 2022 hearing. Most significantly, the appeal record contains no evidence of these alleged statements.

5

denying the motion for dissolution of preliminary injunction in any other respect or by modifying the preliminary injunction concerning the use of the AngelSense device. Therefore, we review the narrow issue of whether subsection (f) of the preliminary injunction, set forth above, is an unconstitutional prior restraint on free speech in violation of Ms. Kellett's First Amendment rights. Because portions of subsection (d) also restrain Ms. Kellett from engaging in any form of written or verbal "disparagement" and is reasonably included within the scope of review requested by Ms. Kellett, we also examine this portion of the April 8, 2020 preliminary injunction.

### Scope and Standard of Review

Louisiana Code of Civil Procedure Article 3607 provides that an interested person may move for the dissolution or modification of a temporary restraining order or preliminary injunction. The mover is not required to show that a change in circumstances has occurred before a preliminary injunction may be dissolved. *Zanella's Wax Bar, LLC v. Trudy's Wax Bar, LLC*, 2019-0043 (La. App. 1st Cir. 11/7/19), 291 So.3d 693, 697, *writ denied*, 2019-01931 (La. 1/28/20), 291 So.3d 1052. However, on a motion to dissolve a preliminary injunction, a trial court should not consider arguments or evidence that could have been raised at the time the preliminary injunction was issued. *Turbine Powered Technology, LLC v. Crowe*, 2018-0881 (La. App. 1st Cir. 9/5/19), (unpublished) 2019 WL 4201579, *9, *writ denied*, 2019-01548 (La. 11/19/19), 282 So.3d 1063.

The sole question to be determined at a hearing to dissolve a preliminary injunction is whether, on the facts disclosed, the court should have granted the injunction in the first instance. *Turbine Powered Technology, LLC*, 2019 WL 4201579 at *9. A party seeking the issuance of a preliminary injunction must show that he will suffer irreparable injury if the injunction does not issue and must show entitlement to the relief sought. La. C.C.P. art. 3601; *Dale v. Louisiana*

6

*Secretary of State*, 2007-2020 (La. App. 1st Cir. 10/11/07), 971 So.2d 1136, 1141. To satisfy this burden, the party must make a *prima facie* showing, by ordinary proof or by verified petition or affidavits, that he will prevail on the merits of the case. A trial court enjoys considerable discretion in determining whether a preliminary injunction is warranted. Thus, the trial court's ruling on the request for a preliminary injunction will not be disturbed on appeal absent a clear abuse of discretion. *Dale*, 971 So.2d at 1141.

The hearing on the School Board's request for a preliminary injunction took place in March 2020. During the hearing, Ms. Kellett asserted, "it's my [F]irst [A]mendment right to voice whatever opinion that I have ... it is my [F]irst [A]mendment right to be able to talk." Since Ms. Kellett raised a First Amendment argument at the time the preliminary injunction was issued, we must determine whether, on the facts disclosed, the trial court should have granted the preliminary injunction in the first instance. *Turbine Powered Technology, LLC*, 2019 WL 4201579 at *9.

### Impermissible Prior Restraint on Speech

The First Amendment to the United States Constitution provides that "Congress shall make no law ... abridging the freedom of speech." U.S. Const. Amend. I; *In re Warner*, 2005-1303 (La. 4/17/09), 21 So.3d 218, 228. The liberty of speech granted by the First Amendment is safeguarded from invasion by state action through the Due Process Clause of the Fourteenth Amendment. *In re Warner*, 21 So.3d at 228, *citing First National Bank of Boston v. Bellotti*, 435 U.S. 765, 779, 98 S.Ct. 1407, 1417, 55 L.Ed.2d 707 (1978). The trial court is a state entity, and the judgment granting the preliminary injunction at issue is "state action." La. Const. Art. 5, §§14, 16; La. C.C.P. art. 3601, *et seq.* Consequently, the protections of the First Amendment are applicable in the instant matter. *See In re Warner*, 21 So.3d at 228.

7

The term "prior restraint" describes orders forbidding certain communications that are issued before the communications occur. *Alexander v. United States*, 509 U.S. 544, 544, 113 S.Ct. 2766, 2768, 125 L.Ed.2d 441 (1993) Prior restraint is that restraint or suppression of an expression without judicial determination of the right to suppress before any publication, any exhibition, or any communication of that expression. *Gulf States Theatres of Louisiana, Inc. v. Richardson*, 287 So.2d 480, 489-90 (La. 1973). A free society prefers to punish the few who abuse rights of speech *after* they break the law than to throttle them and all others beforehand. *Southeastern Promotions, Ltd. v. Conrad*, 420 U.S. 546, 559, 95 S.Ct. 1239, 1246-47, 43 L.Ed.2d 448 (1975).

Prior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights and are, therefore, presumed to be constitutionally invalid. *Nebraska Press Association v. Stuart*, 427 U.S. 539, 559, 96 S.Ct. 2791, 2803, 49 L.Ed.2d 683 (1976); *State v. Lee*, 2000-2516 (La. App. 4th Cir. 4/6/01), 787 So.2d 1020, 1037. Although prior restraint may be imposed under some extraordinary circumstances, a party seeking this relief carries a heavy burden of showing justification for the imposition of such a restraint. There is a heavy presumption against the constitutional validity of a prior restraint on speech. *Guste v. Connick*, 515 So. 2d 436, 438 (La. 1987).

The Louisiana Supreme Court considered the permissibility of prior restraint on speech in *Guste*. There, Guste sought a preliminary injunction to prohibit Connick from running a campaign ad making purportedly false statements against Guste. Connick asserted that the granting of a preliminary injunction would be a prior restraint of free speech in violation of his First Amendment rights. *Guste*, 515 So.2d at 437. The trial court granted the request for a preliminary injunction and ordered Connick to "cease and desist" running the campaign ad. After the court of appeal denied writs, the Louisiana Supreme Court granted review and

8

reversed the judgment, dissolving the preliminary injunction. The Court explained, "In a case of this kind, courts do not concern themselves with the truth or validity of the publication. An injunction, so far as it imposes prior restraint on speech and publication, constitutes an impermissible restraint on [F]irst [A]mendment rights." *Guste*, 515 So.2d at 437-38. *See also Brandner v. Molonguet*, 2014-0712 (La. App. 1st Cir. 12/23/14), (unpublished) 2014 WL 7332206, *9 (recognizing that courts are also generally reluctant to issue an injunction to restrain torts such as defamation or harassment.)

The School Board argues that false statements, like Ms. Kellett's accusations against the School Board and its employees, which purportedly include allegations of criminal conduct, are not constitutionally protected free speech. Worse, it asserts, the words uttered by Ms. Kellett are defamatory per se. In *Kennedy v. Sheriff of East Baton Rouge*, 2005-1418 (La. 7/10/06), 935 So.2d 669, 675, the Louisiana Supreme Court recognized that words that expressly or implicitly accuse another of criminal conduct, or which by their very nature tend to injure one's personal or professional reputation, without considering extrinsic facts or circumstances, are considered defamatory per se. "When a plaintiff proves publication of words that are defamatory per se, falsity and malice (or fault) are presumed, but may be rebutted by the defendant." *Kennedy*, 935 So.2d at 675. Thus, before liability can be imposed for the publication of words that are defamatory per se, the defendant must be given an opportunity to rebut the presumption. *See Thompson v. Bank One of Louisiana, NA*, 2013-1058 (La. App. 4th Cir. 2/26/14), 134 So.3d 653, 662, *writ denied*, 2014-0793 (La. 6/30/14), 148 So.3d 182.

These cases and others cited by the School Board, which hold that an abuse of the right of free speech is actionable under Louisiana law, concern liability for the commission of the tort of defamation, not an action to enjoin the utterance of

allegedly defamatory speech *before* it is spoken and *before* it is judicially determined to be defamatory. *See Yanong v. Coleman*, 53,933 (La. App. 2d Cir. 5/17/21), 317 So.3d 905, 911, *writ denied*, 2021-01107 (La. 11/10/21), 326 So.3d 1249 ("Defamation is a tort which involves the invasion of a person's interest in his or her reputation and good name.... A cause of action for defamation arises out of a violation of La. C.C. art. 2315."). *See Johnson v. Purpera*, 2020-01175 (La. 5/13/21), 320 So.3d 374, 386 (before the court on the defendant's motion for summary judgment to dismiss the plaintiff's cause of action for the tort of defamation).

The United States Supreme Court explained the rationale behind prohibiting prior restraint of speech not yet adjudged to be defamatory – a judgment in a defamation case is subject to the "whole panoply of protections afforded by deferring the impact of the judgment until all avenues of appellate review have been exhausted." *Nebraska Press*, 427 U.S. at 559, 96 S.Ct. at 2803. The law's sanctions only become fully operative after the judgment has become final. A prior restraint, by contrast and by definition, has an immediate and irreversible sanction. *Nebraska Press*, 427 U.S. at 559, 96 S.Ct. at 2803.

Here, there has been no judicial determination that the words allegedly spoken by Ms. Kellett and the accusations purportedly by her made were defamatory or defamatory per se. Several School Board employees and Live Oak Elementary School faculty and staff testified during the March 2020 preliminary injunction hearing. Although each witness denied the truth of various accusations purportedly made by Ms. Kellett, the trial court was not asked to, nor did it, determine that Ms. Kellett, in fact, made these statements and was liable for defamation.

The School Board is correct that the protection of the First Amendment does not extend to defamatory and libelous speech. *See Ashcroft v. Free Speech*

*Coalition*, 535 U.S. 234, 245-46, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002) (As a general principle, the First Amendment bars the government from dictating what we see, read, speak, or hear. But freedom of speech has its limits; it does not embrace certain categories of speech, including defamation.) However, for First Amendment protection to be in jeopardy, there must first be a determination that the words are defamatory. Until words lose First Amendment protection, they are guarded against prior restraint. *See Nebraska Press*, 427 U.S. at 559, 96 S.Ct. at 2803; *Guste*, 515 So.2d at 437-38; *Johnson*, 320 So.3d at 387 ("to avoid the chilling effect and self-censorship that defamation cases invite, it falls to the court to determine in the first instance whether words fall outside the realm of protected speech"). As the Supreme Court of California explained in *Balboa Island Village Inn, Inc. v. Lemen*, 40 Cal. 4th 1141, 1149-50, 156 P.3d 339, 344-45 (2007),

> [P]reventing a person from speaking or publishing something that, allegedly, would constitute a libel if spoken or published is far different from issuing a posttrial injunction *after* a statement that already has been uttered has been found to constitute defamation. Prohibiting a person from making a statement or publishing a writing *before* that statement is spoken or the writing is published is far different from prohibiting a defendant from *repeating* a statement or *republishing* a writing that has been determined at trial to be defamatory and, thus, unlawful. This distinction is hardly novel.

(Emphasis original.) We also note that the preliminary injunction issued in favor of the School Board prohibits more than the utterance of allegedly defamatory statements. It prohibits speech that is merely disparaging or "frivolous" – speech that is not within the categories excluded from First Amendment protection.

Therefore, we find the School Board failed to show that it was entitled to the relief sought, *i.e.*, a preliminary injunction preemptively enjoining, restraining, and prohibiting the speech at issue. *See* La. C.C.P. art. 3601; *Dale*, 971 So.2d at 1141. The trial court abused its discretion by granting this portion of the requested preliminary injunction. *See Turbine Powered Technology, LLC*, 2019 WL 4201579 at *9; *Dale*, 971 So.2d at 1141. The trial court further erred by denying Ms.

Kellett's motion for dissolution of those portions of the April 8, 2020 preliminary injunction that constituted an impermissible prior restraint on Ms. Kellett's free speech rights.

## CONCLUSION

For the foregoing reasons, we recall the show cause order and maintain the appeal. We reverse the portion of the February 22, 2023 judgment denying Ashley Kellett's motion for dissolution of preliminary injunction as to the trial court's denial of the motion to dissolve that portion of the April 8, 2020 preliminary injunction, which constitutes an impermissible prior restraint on Ms. Kellett's right to free speech protected by the First Amendment.

We grant Ms. Kellett's motion for dissolution of the preliminary injunction in part and vacate subsection (f) of the April 8, 2020 preliminary injunction in its entirety. We also vacate the portion of subsection (d) of the April 8, 2020 preliminary injunction enjoining, restraining, and prohibiting Ashley Kellett from engaging in any form of written or verbal disparagement toward any Livingston Parish School Board member, administrator, faculty, or staff at Live Oak Elementary School, such that subsection (d) of the April 8, 2020 preliminary injunction is amended and shall state:

> d) Enjoining, restraining, and prohibiting Ashley Kellett from engaging in any form of written, verbal, or physical displays of hostility or anger and/or from making threats of any physical assault, and/or any disorderly conduct that results in fear or disruption of activities through hostile and inappropriate behavior toward any LPSB member, administrator, faculty or staff at Live Oak Elementary School and/or on any LPSS public school bus or other school property, and/or while participating in any educational or other school related business or function, including but in no way limited to any Individual Education Plan (IEP) or Individual Health Plan (IHP) meetings or evaluations required to facilitate the minor child's special education and health care needs;

We remand the matter to the trial court for further proceedings. Costs of this appeal in the amount of $1,770.00 shall be cast against the Livingston Parish

12

School Board.

**APPEAL MAINTAINED; JUDGMENT DENYING MOTION FOR DISSOLUTION OF PRELIMINARY INJUNCTION REVERSED IN PART; JUDGMENT GRANTING PRELIMINARY INJUNCTION VACATED IN PART AND AMENDED IN PART. REMANDED.**