CARTER, C.J.
 

 |2This action for preliminary injunction addresses the scope of authority granted to the Commissioner of the Department of Agriculture and Forestry for the State of Louisiana (the Commissioner) with respect to the promulgation of agency regulations regarding inspections for certain antibiotics in imported seafood. For the following reasons, we affirm the district court’s grant of a preliminary injunction enjoining the Commissioner’s authority to enforce the agency regulations at issue, and we deny each of the Commissioner’s exceptions and writ application filed in this court.
 

 FACTS AND PROCEDURAL BACKGROUND
 

 The facts pertinent to this appeal were jointly stipulated by the parties, and thus are not in dispute. Plaintiff, Piazza’s Seafood World, LLC (Piazza), is an importer, purchaser, and wholesaler of seafood, with storage facilities in Louisiana. Defendant, Commissioner Bob Odom, was the head of the Department of Agriculture and Forestry for the State of Louisiana at all times relevant to this lawsuit.
 
 [1]
 
 The dispute between Piazza and the Commissioner arose after the Commissioner issued a series of stop orders in May 2007, precluding Piazza from selling or disposing of fish imported from China until the fish had been tested for the presence of Fluoroquinolones, an antibiotic that has been determined to be a public health risk by the federal government.
 
 [2]
 
 In order to seize Piazza’s seafood for testing, the Commissioner relied on the authority of regulations he | ¡¡promulgated for the Department in January 2007, La. Admin. Code 7:XXXV.501, 503, 505, and 511 (the regulations).
 
 [3]
 

 Piazza initially sought a preliminary injunction in federal district court that would order the Commissioner to immediately release the seized fish so that Piazza could sell the-fish outside the State of
 
 *823
 
 Louisiana. Piazza argued that the preliminary injunction should be granted because the regulations promulgated by the Commissioner violated the Commerce Clause and that the Commissioner had acted outside the scope of his constitutional and statutory authority, and thus, the regulations were unconstitutional under Louisiana law. The federal court abstained from hearing any issues, thereby staying the action “pending state court resolution of the [Cjommissioner’s authority to enact the disputed regulations.”
 
 [4]
 
 Additionally, the federal court issued another order on July 3, 2007, ordering Piazza “to file a petition in state court seeking a determination of whether the [Commissioner had authority to issue [the regulations]” and enjoining the Commissioner “from conducting ... any ... hearings involving [Piazza] until such time as a final state court decision resolves the validity of [the regulations].” Piazza immediately filed a petition for preliminary and permanent injunction in the Nineteenth Judicial District Court on the same day the federal court issued its order, alleging in its petition that the Commissioner had no legislative |4authority to promulgate the regulations, and that therefore, the regulations were unconstitutional.
 

 On July 11, 2007, Piazza filed a motion for preliminary injunction in the district court requesting that the Commissioner be enjoined from enforcing the regulations while the suit was pending. A hearing was held on August 1, 2007, and after consideration of the parties’ stipulations and evidence, the district court granted Piazza’s request for preliminary injunction, enjoining and restraining the Commissioner from enforcing any of the challenged regulations until a final resolution of the case. In oral reasons for issuing the preliminary injunction, the district court judge concluded that the Commissioner did “not have [the] authority, either under the constitution, statutorily, or otherwise, to promulgate the regulations in question.” The Commissioner filed a motion for new trial, arguing for the first time that Piazza had failed to exhaust its administrative remedies before proceeding with the district court action. The district court summarily denied the Commissioner’s motion for new trial on August 22, 2007. The Commissioner’s motion for appeal followed on August 27, 2007; however, the district court judge did not sign the order granting the Commissioner’s motion for appeal until September 17, 2007.
 

 Before the Commissioner’s motion for appeal was granted, the Commissioner filed a dilatory exception raising the objection of prematurity and a peremptory exception raising the objection of no cause of action on September 4, 2007 in the district court. Both exceptions were based on Piazza’s alleged failure to comply with administrative procedures under LSA-R.S. 49:963 D, by seeking to have the Commissioner first pass on the validity or applicability of the regulations before bringing an action in the | ^district court. On September 17, 2007, the district court denied the Commissioner’s exceptions, finding them to be untimely, and further finding that the administrative procedure was unnecessary under these particular facts. The Commissioner applied for supervisory writs to this court, seeking review of the denial of the exceptions. On March 19, 2008, this court referred the writ application to the merits of the appeal on the
 
 *824
 
 judgment granting the preliminary injunction, because the merits of both the writ and the appeal are intertwined. Additionally, the Commissioner filed in this court a declinatory exception raising the objection of lack of subject matter jurisdiction and a peremptory exception raising the objection of no cause of action. We will first address the exceptions filed in this court and then the exceptions under review in the writ application. Finally, we will address the merits of the judgment granting the preliminary injunction.
 

 THE EXCEPTIONS
 

 The Commissioner’s exceptions filed in this court are both based on his reasoning that because Piazza did not follow the mandatory administrative remedy required by LSA-R.S. 49:963 D, by first seeking the Commissioner’s ruling on the validity of the regulations at issue before filing suit in district court, Piazza did not have a cause of action to enjoin the Commissioner from enforcing the regulations, and therefore, the district court lacked jurisdiction to review the regulations and enjoin the enforcement of the regulations. Initially, we note that the issue of subject matter jurisdiction may be raised at any time and at any stage of an action; therefore, we will consider the Commissioner’s arguments regarding subject matter jurisdiction.
 
 See McPherson v. Foster,
 
 03-2696 (La.10/29/04), 889 So.2d 282, 288. Likewise, because the Commissioner had previously filed 1 r,the peremptory exception raising the objection of no cause of action in the district court and the Commissioner’s writ application for review of the district court’s ruling on that exception is currently before us, we will consider the merits of that exception as well.
 

 All of the Commissioner’s exceptions filed in this court and at the district court contend that under the terms of the Louisiana Administrative Procedure Act (the LAPA), the district court was statutorily precluded from determining the validity of the regulations. Louisiana Revised Statute 49:963 provides for judicial review of a rule “in an action for declaratory judgment in the district court of the parish in which the agency is located.” LSA-R.S. 49:963 A(l). The district “court shall declare the rule invalid or inapplicable if it finds that it violates constitutional provisions or exceeds the statutory authority of the agency.”
 
 See
 
 LSA-R.S. 49:963 C. However, LSA-R.S. 49:963 D provides that
 
 an action for a declaratory judgment
 
 under LSA-R.S. 49:963,
 

 may be brought only after the plaintiff has requested the agency to pass upon the validity or applicability of the rule in question and only upon a showing that review of the validity and applicability of the rule in conjunction with review of a final agency decision in a contested adjudicated case would not provide an adequate remedy and would inflict irreparable injury.
 

 Piazza’s petition seeks
 
 injunctive relief
 
 with a declaration that the regulations are unconstitutional, and therefore, void and unenforceable.
 

 Subject matter jurisdiction is conferred by the Louisiana Constitution and not by statute.
 
 Star Enterprise v. State, through Dept. of Revenue and Taxation,
 
 95-1980 (La.App. 1 Cir. 6/28/96), 676 So.2d 827, 833,
 
 writ denied,
 
 96-1983 (La.3/14/97), 689 So.2d 1383. Louisiana Constitution Article 5, Section 16 vests Louisiana district courts with original jurisdiction |7over all civil matters, except as otherwise authorized by the Constitution.
 
 Id.
 
 A challenge to the validity of an administrative rule or regulation is a “civil matter” falling under the original jurisdiction of the district courts.
 
 Id.
 
 The Constitution also vests district courts with the power to
 
 *825
 
 issue all orders and process in the aid of their jurisdiction. LSA-Const. art. 5, § 2;
 
 Id.
 
 Thus, the power of the district court to issue an injunction preventing enforcement of an illegally adopted administrative regulation is also of constitutional origin.
 
 Id.
 
 The legislature could not, by statute, divest the district court of its constitutional subject matter jurisdiction to determine the legality of administrative regulations, and to issue an injunction preventing enforcement if the regulations are found to be illegally promulgated.
 
 Id.
 
 Accordingly, we reject the Commissioner’s argument that LSA-R.S. 49:963 divested the district court of its subject matter jurisdiction over the proceeding.
 

 Piazza’s petition for preliminary and permanent injunctive relief seeks an injunction enjoining the Commissioner’s enforcement of the regulations that Piazza asserts are
 
 unconstitutional
 
 because they were promulgated without legislative authority and they violated the exclusive jurisdiction of another state agency, the Louisiana Department of Health and Hospitals (DHH). The determination of whether a statute is unconstitutional is a purely judicial function.
 
 ANR Pipeline Co. v. La. Tax Com’n,
 
 02-1479 (La.7/2/03), 851 So.2d 1145, 1150. The Commissioner is part of the executive branch of state government, as the head of the Louisiana Department of Agriculture and Forestry (the department), and enjoys the powers authorized by the constitution and statutes. LSA-Const. art. 4, § 1 A; |sLSA-Const. art. 4, § 10.
 
 [5]
 
 An administrative agency such as the department and its Commissioner do not have the authority to determine the constitutionality of statutes.
 
 See ANR Pipeline Co.,
 
 851 So.2d at 1150. The fact that the Legislature has granted the department the general authority “to pass upon the validity or applicability” of the regulations in question does not, and cannot give the department or the Commissioner subject matter jurisdiction over constitutional questions. With few exceptions, Louisiana district courts have original jurisdiction over all civil and criminal matters. LSA-Const. art. 5, § 16 A. It is the district court that has original jurisdiction to rule on the constitutionality of statutes.
 
 ANR Pipeline Co.,
 
 851 So.2d at 1151. Thus, agency review of the constitutionality of the regulations was not a prerequisite to Piazza’s filing an action for injunctive relief since only the district court could decide the constitutionality of the regulations.
 
 Louisiana Chemical Ass’n v. Dept. of Environmental Quality,
 
 577 So.2d 230, 234 (La.App. 1 Cir.1991).
 

 Because Piazza’s claims for injunc-tive relief are based on constitutional challenges, we find that the district court had subject matter jurisdiction to rule on Piazza’s motion for preliminary injunction. Therefore, we deny the Commissioner’s declinatory exception raising the objection of subject matter jurisdiction. For the same reason, we deny the Commissioner’s peremptory exception raising the objection of no cause of action, and we find that the district court properly denied the | flCommissioner’s dilatory exception raising the objection of prematurity, as well as the Commissioner’s peremptory exception raising the objection of no cause of action.
 
 *826
 
 We hereby deny the Commissioner’s application for supervisory review of the district court’s denial of its dilatory exception raising the objection of prematurity and peremptory exception raising the objection of no cause of action.
 
 [6]
 

 THE PRELIMINARY INJUNCTION
 

 Next, the Commissioner argues that the district court erred in granting Piazza’s motion for a preliminary injunction, thereby enjoining and restraining the Commissioner from enforcing the challenged regulations until a final resolution of the case. The district court agreed with Piazza’s position and ruled that the Commissioner had no constitutional or statutory authority to promulgate the regulations in question. A party aggrieved by a judgment either granting or denying a preliminary injunction is entitled to an appeal. LSA-C.C.P. art. 3612;
 
 Concerned Citizens for Proper Planning, LLC v. Parish of Tangipahoa,
 
 04-0270 (La.App. 1 Cir. 3/24/05), 906 So.2d 660, 663.
 

 Generally, a party seeking the issuance of a preliminary injunction must show that it will suffer irreparable injury if the injunction does not | inissue and it must show entitlement to the relief sought. However, a showing of irreparable injury is not necessary when the act sought to be enjoined is unlawful.
 
 Dale v. Louisiana Secretary of State,
 
 07-2020 (La.App. 1 Cir. 10/11/07), 971 So.2d 1136, 1141. To establish entitlement to the relief sought, the party must make a prima facie showing that it will prevail on the merits of the case.
 
 Id.
 
 Before issuing a preliminary injunction, the trial court should also consider whether the threatened harm to the plaintiff outweighs the potential for harm or inconvenience to the defendant and whether the issuance of the preliminary injunction will disserve the public interest.
 
 Id.
 
 The district court enjoys considerable discretion in determining whether a preliminary injunction is warranted. Thus, the district court’s ruling on the request for a preliminary injunction will not be disturbed on appeal absent a clear abuse of discretion.
 
 Id.
 

 Piazza’s petition alleges that the Commissioner lacked statutory or constitutional authority to regulate the sanitary inspection of seafood that is raised, processed, and packaged outside the state of Louisiana, because DHH has the
 
 exclusive
 
 authority to promulgate regulations concerning the sanitary inspection of food products that may affect the public health and safety of Louisiana citizens.
 
 [7]
 
 The
 
 *827
 
 Louisiana legislature has provided that DHH has Inauthority to promulgate and enforce rules and regulations embodied within the state’s Sanitary Code found at LSA-R.S. 40:4.
 
 See
 
 LSA-R.S. 40:5. The Sanitary Code at LSA-R.S, 40:4 A(l) specifically provides, in pertinent part:
 

 A. (l)(a) In order to protect the consuming public against food-borne disease, the rules and regulations contained in the Sanitary Code shall be designed so as to provide and require that all food products, including ... marine and freshwater seafood ..., are produced from a safe and sanitary source, and are prepared, processed, packaged, handled, stored, and transported in a sanitary manner which will prevent contamination, spoilage, or adulteration.
 

 [[Image here]]
 

 (b) ... The department shall adopt rules as part of the Sanitary Code and the Department of Agriculture and Forestry shall adopt rules as part of the Seafood Inspection Program.
 

 [[Image here]]
 

 B. (1) All sanitary and food and drug inspections to monitor compliance with the provisions of the state [Sjanitary [C]ode shall be conducted by licensed sanitarians in the employ of the Department of Health and Hospitals, or by similarly licensed sanitarians in the employ of a local parish or municipal governing authority. (Emphasis added.)
 

 The relevant regulation promulgated by the Commissioner, LAC7.-XXXV.511, purports to regulate the content of seafood for the alleged purpose of protecting the public health and safety by determining the presence of the antibiotic, Fluoroquino-lones, in the seafood prior to its distribution and sale in Louisiana. The regulation states that it was “adopted in accordance with” the Louisiana Weights and Measures Law (LSA-R.S.3:4608) and the legislative provisions providing for the creation, powers, _Jjjand duties of the Commissioner (LSA-R.S. 3:2 A and 3:3 B). However, none of the alleged enabling statutes reveal authority for the Commissioner to regulate the content of seafood distributed or sold in Louisiana.
 

 The Weights and Measures Law involves standards for weighing and measuring agricultural commodities or products and the devices used for their weight and/or measurement.
 
 See
 
 LSA-R.S. 3:4607 and 3:4608. The statutes governing the creation, powers, and duties of the Commissioner involve the promotion, protection, and advancement of agriculture and forestry in Louisiana, which does not include seafood or the contents of seafood. Furthermore, no party has referenced any statute and our research has not revealed any authority for the Commissioner to regulate the content of seafood under a “Seafood Inspection Program” as referenced and provided by the Legislature in the Sanitary Code.
 
 See
 
 LSA-R.S. 40:4 and 40:5. Therefore, while we recognize the Commissioner’s laudable goal of inspecting and regulating the content of seafood in
 
 *828
 
 Louisiana, the Commissioner’s authority to do so is simply not provided for under the existing statutory scheme. Such authority is currently reserved by statute to the state health officer and the office of public health of DHH.
 
 See
 
 LSA-R.S. 40:5 and LSA-R.S. 40:604.
 

 The regulations promulgated by an agency may not exceed the authorization delegated by the Legislature.
 
 State v. Alfonso,
 
 99-1546 (La.11/23/99), 753 So.2d 156, 162. An agency is not free to pursue any and all ends, but can assert authority only over those ends that are connected to the task delegated by the legislative body.
 
 Id.; Realty Mart, Inc. v. Louisiana Bd. of Tax Appeals,
 
 336 So.2d 52, 54 (La.App. 1 Cir.1976). Because we have concluded that the regulation at issue was promulgated without [^legislative or constitutional authority, we find that the district court properly issued a preliminary injunction enjoining the Commissioner’s authority to enforce the unlawful regulation.
 
 See Star Enterprise,
 
 676 So.2d at 834. Considering the evidence in the record before us, we find that the district court acted within its sound discretion in granting the preliminary injunction in this case.
 
 See Dale,
 
 971 So.2d at 1141.
 

 CONCLUSION
 

 For the above and foregoing reasons, we affirm the judgment of the district court granting a preliminary injunction enjoining and restraining the Commissioner from enforcing any of the challenged regulations until a final resolution of the case. We also deny the Commissioner’s application for a supervisory writ of review in 2007 CW 2077 that was referred to the merits of this appeal, as well as all of the exceptions filed by the Commissioner in this court. We remand this case to the district court for further proceedings consistent with this opinion and to be conducted as expeditiously as possible. Costs of this appeal in the amount of $2,254.00 are assessed against the Commissioner of the Department of Agriculture and Forestry for the State of Louisiana.
 

 WRIT DENIED; EXCEPTIONS DENIED; ISSUANCE OF PRELIMINARY INJUNCTION AFFIRMED; AND REMANDED.
 

 [1]
 

 . While this suit was pending on appeal, Dr. Mike Strain was elected to the office of Commissioner of the Department of Agriculture and Forestry. For consistency, however, we simply refer to the defendant as "the Commissioner.”
 

 [2]
 

 .
 
 See
 
 21 C.F.R. 530.41 (a)(l0).
 

 [3]
 

 . Louisiana Administrative Code 7:XXXV.501, 503, and 505 apply only to crab, crawfish, or shrimp, while LAC 7;XXXV.511 applies to fish. The seizures involved in this case were of fish; therefore, the only relevant regulation is LAC 7:XXXV.511.
 

 [4]
 

 . The federal court ruling was issued on June 18, 2007, in Civil Action 07-413, by the Honorable James J. Brady of the U.S. Middle District Court of Louisiana under the authority of the
 
 Pullman
 
 Doctrine.
 
 See Railroad Commission of Tex. v. Pullman Co.,
 
 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).
 

 [5]
 

 . Louisiana Constitution Article 4, § 1A provides in pertinent part: "The executive branch shall consist of the ... commissioner of agriculture ... and all other executive offices, agencies, and instrumentalities of the state.” Louisiana Constitution Article 4, § 10 provides in pertinent part: "The commissioner of agriculture shall head the department and shall exercise all functions of the state relating to the promotion, protection, and advancement of agriculture,.... The ... commissioner shall have other powers and perform other duties authorized by this constitution or provided by law.”
 

 [6]
 

 . We note in this ruling on the Commissioner's writ application (2007 CW 2077) that it appears the district court maintained authority to rule on the exceptions after ruling on the merits of the preliminary injunction, since the district court maintained jurisdiction to render a judgment on the merits of the petition for a permanent injunction.
 
 See Silliman Private School Corp. v. Shareholder Group, 00-0065
 
 (La.App. 1 Cir. 2/16/01), 789 So.2d 20, 23,
 
 writ denied,
 
 01-0594 (La.3/30/01), 788 So.2d 1194. But we also note that because the exceptions were not filed and heard prior to the trial of the preliminary injunction, the Commissioner is deemed to have waived the untimely exceptions. LSA-C.C.P. art. 2593;
 
 Kyle v. Johnson,
 
 01-2482 (La.App. 1 Cir. 5/10/02), 818 So.2d 979, 982;
 
 Ponder v. Relan Produce Farms, Inc.,
 
 439 So.2d 498, 501 (La.App. 1 Cir. 1983). For these additional reasons, we find no error in the district court's denial of the Commissioner's exceptions.
 

 [7]
 

 . Piazza cites the following statutes for DHH's exclusive authority to regulate the sanitary inspection of food products that may affect public health and safety;
 

 Louisiana Revised Statute 40:5, which states in pertinent part: "The state health officer and the office of public health of the Department of Health and Hospitals shall have exclusive jurisdiction, control, and authority:
 

 [[Image here]]
 

 
 *827
 
 (15) Over the sanitary inspection of meat, milk, and other products which may affect public health and safety.
 

 (17) Over the adoption of rules and regulations regarding public health, sanitary, and hygienic subjects." (Emphasis added.) Louisiana Revised Statute 40:604, which provides: "The authority to promulgate regulations for the efficient enforcement of this Part is vested in the secretary of the Department of Health and Hospitals.” (Emphasis added.)
 

 Louisiana Revised Statute 40:607 A, which states in pertinent part: “A food is considered adulterated ... (l)[i]f it contains any poisonous or deleterious substances, added or otherwise, which may render it dangerous to health.”