HIGGINBOTHAM, J.
1 ¡.This case is one of two appeals from the same proceeding.[1] In this particular appeal, hereafter referred to as “Tobin I” plaintiffs seek review of the trial court’s denial of their request for the issuance of a preliminary injunction. Finding that no justiciable issues remain, we dismiss this appeal as moot.
FACTS AND PROCEDURAL HISTORY
During the 2010 Regular Legislative Session, the Louisiana State Senate adopted Senate Resolution 128 (SR 128), which directed defendant, the Louisiana Board of Regents (the Board), to “study the provision of public postsecondary educational opportunities in the New Orleans region, ... and formulate a plan that will make optimal use of all available ... resources, ... and which will allow each student attending such institutions to successfully and efficiently pursue his or her chosen academic path.” The Board was also directed by SR 123 to “submit a written report of its findings and recommendations to the Senate Committee on Education and the House Committee on Education, [no] later than March 1, 2011.”
The Board began to conduct a study of the issues set forth in SR 123, as well as the possible merger, consolidation, and transfer of New Orleans region institutions from one system to another.[2] One of the *320 scenarios considered by the Board was the potential merger of Southern University at New Orleans (SUNO) with the University of New Orleans (UNO), hereafter referred to as the “SUNO-UNO merger.”
^Plaintiffs are all students at institutions in the Southern University System.[3] On February 14, 2011, plaintiffs filed suit against the Board and Louisiana Governor Bobby Jindal, in his official capacity, seeking a declaratory judgment, injunctive relief, and a temporary restraining order (TRO). Plaintiffs sought to enjoin and prohibit the Board from taking any and all actions relating to any proposed study of the SUNO-UNO merger, because plaintiffs alleged that the Board’s racial and gender composition (as appointed by the Governor) was unconstitutional, and therefore violated their alleged constitutionally-protected property interests in a higher education.[4] The trial court held a hearing on plaintiffs’ request for a preliminary injunction on February 24, 2011. Immediately after the hearing, the trial court denied the preliminary injunction and issued extensive written reasons for judgment, essentially concluding that plaintiffs failed to prove the necessary elements for issuance of a preliminary injunction under La. C.C.P. art. 3601.[5] Plaintiffs now appeal the trial court’s February 24, 2011 judgment.
LAW AND ANALYSIS
A preliminary injunction is an interlocutory procedural device designed to preserve the status quo between the parties, pending a trial on the merits. Acadian Ambulance Service, Inc. v. Parish of East Baton Rouge, 97-2119 (La.App. 1st Cir.11/6/98), 722 So.2d 317, 322, writ denied, 98-2995 (La.12/9/98), 729 So.2d 4583. Although the judgment on the preliminary injunction is interlocutory, a party aggrieved by a judgment either granting or denying a preliminary injunction is entitled to an appeal. La. C.C.P. art. 3612; Piazza’s Seafood World, LLC v. Odom, 2007-2191 (La.App. 1st Cir.12/23/08), 6 So.3d 820, 826.
Generally, plaintiffs seeking issuance of a preliminary injunction bear the burden of establishing by a preponderance of the evidence a prima facie showing that they will prevail on the merits and that irreparable injury or loss will result without the preliminary injunction. La. C.C.P. art. 3601; Silliman Private School Corp. v. Shareholder Group, 2000-0065 (La.App. 1st Cir.2/16/01), 789 So.2d 20, 22-23, writ denied, 2001-0594 (La.3/30/01), 788 So.2d 1194. However, a threat of irreparable injury need not be shown when the deprivation of a constitutional right is at issue or when the act sought to be enjoined is *321 unlawful. Piazza’s Seafood, 6 So.3d at 826; Acadian Ambulance, 722 So.2d at 322. To claim a constitutionally-protected property interest, a person must clearly have more than an abstract need or desire and must have a legitimate claim of entitlement. Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). The trial court enjoys considerable discretion in determining whether a preliminary injunction is warranted; thus, the trial court’s ruling will not be disturbed on appeal absent a clear abuse of discretion. Piazza’s Seafood, 6 So.3d at 826.
Where the purpose of the injunc-tive relief sought is to prevent specifically threatened future conduct, but the act sought to be enjoined has already been committed or accomplished, there can be no ground for an injunction. Silliman, 789 So.2d at 23. A court of appeal will not review a case when only injunctive relief is sought and the need for that relief has ceased to be a justiciable issue. Id. It is well settled that courts will not decide abstract, hypothetical, or moot controversies, or render advisory opinions with respect to such controversies. City of Hammond v. Parish of Tangipahoa, 2007-0574 (La.App. 1st Cir.3/26/08), 985 So.2d 171, 178. A “justiciable controversy” is one presenting an existing actual and substantial dispute involving the legal relations of parties who have real adverse interests and upon whom the judgment of the court may effectively operate through a decree of conclusive character. Id.
According to Louisiana jurisprudence, an issue is moot when a judgment or decree on that issue has been “deprived of practical significance” or “made abstract or purely academic.” Cat’s Meow, Inc. v. City of New Orleans, Through Dept. of Finance, 98-0601 (La.10/20/98), 720 So.2d 1186, 1193. Accordingly, a case is moot when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect. Id. Thus, when an appeal is taken from an order denying injunctive relief, and the act sought to be enjoined is accomplished pending appeal, the appeal will be dismissed as moot. Silliman, 789 So.2d at 23. Also, where the trial court renders judgment on the merits on the petition for a permanent injunction, as was done in this case approximately two months after the preliminary injunction was denied, the issue of the preliminary injunction becomes moot. Id. If the case is moot, there is no subject matter on which the judgment of the court can operate.[6] City of Hammond, 985 So.2d at 178. Jurisdiction, once established, may abate if the case becomes moot. Id. The controversy must normally exist at every stage of the proceeding, including the appellate stages. Id.
In this case, the only relief sought by plaintiffs’ amended petition with regard to a preliminary injunction was that it be issued, restraining the Board from taking “any and all actions” relating to any proposed study and potential SUNO-jUN06 merger recommendation and pending further orders of the trial court. However, *322 the record reflects that the trial court denied plaintiffs’ request for a preliminary injunction after it dissolved the TRO that was initially granted by the duty judge. With no court order restraining the Board, the study and recommendation of the Board concerning the SUNO-UNO merger was completed and submitted to the Legislature as directed in SR 123. While we recognize that the complete legislative history flowing from SR 123 is not part of the record in this case, reviewing courts have inherent judicial authority to review legislative history materials.
A court may take judicial notice of legislative records where preserved, as they are a matter of public record. See State Farm Mut. Auto. Ins. Co. v. U.S. Agencies, L.L.C., 2005-0728 (La.App. 1st Cir.3/24/06), 934 So.2d 745, 748, writ denied, 2006-0933 (La.6/16/06), 929 So.2d 1288. Accordingly, we take judicial notice of the legislative history for SR 123 and of the fact that during the 2011 Regular Session, the Louisiana Legislature eventually changed the Board’s proposed SUNO-UNO merger recommendation, and the Governor ultimately signed into law a transfer of UNO that did not affect SUNO. See Herman, Herman, Katz & Cotlar, L.L.C. v. State ex rel. Blanco, 2008-1337 (La.9/19/08), 990 So.2d 737, 739 n. 1 (where the Louisiana Supreme Court took judicial notice of the fact that the Legislature passed three Acts that were pertinent to that particular case during the 2008 Regular Session, and the Governor signed the Acts into law).
We specifically note that House Bill No. 537 (HB 537) was vetoed by the Governor, while a duplicate bill, Senate Bill No. 266 (SB 266), was eventually enacted as 2011 La. Acts, No. 419 and became effective July 12, 2011. The legislative history of Act 419 clearly reveals that the SUNO-UNO merger | legislation was amended, deleting any and all reference to that particular merger.[7] In place of the SUNO-UNO merger, the amended and final enrolled legislation provided for the transfer of UNO from the Louisiana State University System to the University of Louisiana System. See La. R.S. 17:3217, as amended and reenacted, and La. R.S. 17:3230 and 17:3241, as enacted by 2011 La. Acts, No. 419, § 1. The 2011 Regular Legislative Session ended on June 23, 2011, without any reconsideration of a SUNO-UNO merger. Thus, plaintiffs’ request to preliminarily enjoin the Board from completing the SR 123 study and from taking any and all action concerning the SUNO-UNO merger is now moot.
Obviously, plaintiffs can no longer be affected by the Board’s now completed study and SUNO-UNO merger recommendation that the Legislature has already considered and declined to enact. Simply stated, this appeal presents no jus-ticiable controversy and is now moot given the legislative action declining to enact the SUNO-UNO merger as recommended by the Board, as well as the rendition of judgment by the trial court on the merits of plaintiffs’ requested permanent injunction.
CONCLUSION
For the above and foregoing reasons, plaintiffs’ appeal of the trial court’s denial of a preliminary injunction (Tobin I) is hereby dismissed as moot. Costs of this appeal are assessed against plaintiffs, Eugenie Tobin, Ellis D. Brent, Jr., Charles E. *323 Toney, Jr., Kye Lewis, Dadrius Lanus, Nykeisha Trenette Bryer, and Venese Maehelle-Charity Morgan.
APPEAL DISMISSED.

. The second appeal, Tobin, et al. v. Governor Bobby Jindal, in his Official Capacity as Governor of the State of Louisiana, and the Louisiana Board of Regents (Tobin II), 2011-1004 (La.App. 1st Cir.2/10/12), 91 So.3d 329, involves a separate judgment rendered by the trial court on April 20, 2011, sustaining defendants’ peremptory exceptions raising the objections of no cause of action and no right of action, and dismissing plaintiffs' petition seeking a permanent injunction and declaratory judgment. In the second appeal decided this same date, we affirm the dismissal of plaintiffs’ petition.

. Louisiana Constitution Article 8, Sections 5(D)(3)(a) and (b) authorize the Board to study, but not effect, a merger, consolidation, or transfer of a postsecondary institution from one system to another. To be effective, such measures and proposals require a two-thirds vote of the Legislature upon written recom *320 mendation by the Board. La. Const, art. 8, § 5(D)(3)(b).

. Plaintiffs, Eugenie Tobin and Ellis D. Brent, Jr., are students at SUNO, while plaintiffs, Charles E. Toney, Jr., Kye Lewis, Dadrius Lanus, Nykeisha Trenette Bryer, and Venese Machelle-Charity Morgan, are students at Southern University at Baton Rouge, including the Southern University Law Center (SUBR).

. The TRO was initially granted by the duty judge on the day plaintiffs filed their original petition, but the trial court dissolved the TRO a few days later, on February 18, 2011. The TRO request is not at issue in this appeal.

. The trial court also overruled the Board’s and the Governor’s peremptory exceptions raising the objections of no cause of action and no right of action. These exceptions were again urged on March 25, 2011, as to plaintiffs’ request for a permanent injunction and declaratory judgment. After considering the exceptions again, the trial court sustained the exceptions and dismissed plaintiffs' case with prejudice on April 20, 2011. That particular judgment is the subject of plaintiffs’ second appeal in Tobin II.

. We note that the issue of subject matter jurisdiction may be raised at any time, even by the court on its own motion, and at any stage of an action. Joseph v. Ratcliff, 2010-1342 (La.App. 1st Cir.3/25/11), 63 So.3d 220, 224. Thus, it is of no consequence that defendants raised the issue of mootness for the first time in their appellate brief without filing an answer to the appeal or a motion to dismiss the appeal. In the interest of judicial economy, an appellate court may consider the possibility of mootness on its own motion and dismiss the appeal if the matter has in fact become moot. Cory v. Cory, 43,447 (La.App.2d Cir.8/13/08), 989 So.2d 855, 859-60.

. The various versions of HB 537 and SB 266, along with the adopted and rejected amendments as the legislation moved through the legislative process, are all public documents that are available online through the Louisiana Legislature's web site at www.legis.state. la.us.