**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2019 CA 0284

KRISTINE RUSSELL, IN HER OFFICIAL CAPACITY AS
DISTRICT ATTORNEY FOR LAFOURCHE PARISH

VERSUS

JAMES B. CANTRELLE, IN HIS OFFICIAL CAPACITY AS LAFOURCHE
PARISH PRESIDENT; AND BRENT ABADIE, INDIVIDUALLY

Judgment rendered **FEB 2 1 2020**

* * * * *

On Appeal from the
Seventeenth Judicial District Court
In and for the Parish of Lafourche
State of Louisiana
No. 136896, Div. "E"

The Honorable F. Hugh Larose, Judge Presiding

* * * * *

Kristine Russell
District Attorney
Thibodaux, Louisiana

Attorney for Plaintiff/Appellee
Lafourche Parish


James A. Cobb, Jr.
Jennifer C. Deasey
New Orleans, Louisiana

Attorneys for Defendants/Appellants
James B. Cantrelle, Lafourche
Parish President, and Brent Abadie,
Individually

* * * * *

**BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

McClendon, J. dissents for reasons assigned.

**HOLDRIDGE, J.**

This appeal presents the issue of whether the trial court erred in granting the plaintiff's request for a preliminary injunction in a suit for a declaratory judgment and preliminary injunction regarding a home rule charter. For the following reasons, we dismiss the appeal as moot.

## FACTS AND PROCEDURAL HISTORY

The Lafourche Parish Government is a political subdivision in Lafourche Parish that is governed by a Home Rule Charter ("the Charter"). The Charter provides for the office of the Administrator, the chief administrative officer of the parish, who has the powers and performs the functions as prescribed by the Charter or parish ordinance or as delegated by the parish president. On August 29, 2018, Lafourche Parish President James B. Cantrelle ("the Parish President") appointed Brent Abadie to serve as interim Administrator. When the Parish President submitted Mr. Abadie's name to the Lafourche Parish Council ("the Council") as his nomination for Administrator in a permanent capacity, Mr. Abadie did not receive the required votes at the Council's meeting on October 1, 2018, and his nomination failed. Thereafter, Mr. Abadie continued to serve as interim Administrator.

On October 19, 2018, Kristine Russell, the Lafourche Parish District Attorney "(the District Attorney"), filed suit in her official capacity against the Parish President, in his official capacity, and Mr. Abadie, individually, seeking a declaration that Mr. Abadie was ineligible to hold the position of interim Administrator after his failed nomination for permanent Administrator pursuant to Article III, Section 3(D)(5) of the Charter.[1] The District Attorney requested a declaratory judgment stating that Mr. Abadie's continuation as Administrator after

---

[1] The Charter was attached to the petition along with pertinent emails, District Attorney opinions, and a letter.

October 1, 2018, violated the Charter and that any acts undertaken by Mr. Abadie were null. The District Attorney also sought to enjoin Mr. Abadie from continuing as Administrator and from acting on behalf of the Parish as Administrator on the basis that his actions following the Council's vote were without effect.

The defendants, the Parish President and Mr. Abadie, filed exceptions of no right of action, no cause of action, and prematurity as to the preliminary injunction portion of the suit. In the exception of no right of action, the Parish President asserted that the District Attorney was ethically prohibited from suing him, alleging that he was her client pursuant to La. R.S. 16:2(E)[2] and 42:261(A).[3] In the exception of no cause of action, Mr. Abadie asserted that the District Attorney had not stated a cause of action against him individually, alleging that the suit, on its face, sought a declaration of the meaning of the Charter and the Parish President's decision to keep him as the interim Administrator. Lastly, in the exception of prematurity, both the Parish President and Mr. Abadie alleged that the District Attorney's request for a preliminary injunction based on entitlement to further relief under La. C.C.P. art. 1878 in a declaratory judgment action was premature

---

[2] Louisiana Revised Statutes 16:2(E) states:

> In the parish of Lafourche, the district attorney shall ex officio and without extra compensation, general or special, be the regular attorney and counsel for the parish governing authority, the school board, and every state board or commission domiciled therein, including levee boards, hospital and asylum boards, education boards, and all state boards or commissions the members of which, in whole or in part, are elected by the people or appointed by the governor or other prescribed authority.

[3] Louisiana Revised Statutes 42:261(A) states, in pertinent part:

> [T]he district attorneys of the several judicial districts other than the parish of Orleans shall, ex officio and without extra compensation, general or special, be the regular attorneys and counsel for the parish governing authorities, parish school boards, and city school boards within their respective districts and of every state board or commission domiciled therein, the members of which, in whole or in part, are elected by the people or appointed by the governor or other prescribed authority, except the state boards and commissions domiciled at the city of Baton Rouge, and all boards in charge or in control of state institutions.

3

because a declaratory judgment had not been rendered.[4] Despite the caption of their pleading and their initial statement limiting their exceptions to the preliminary injunction, the issues raised in the exceptions pertained to both the preliminary injunction and the declaratory judgment. Moreover, the defendants sought dismissal of the entire suit, or, alternatively, only the injunction portion of the suit.

A hearing on the exceptions and preliminary injunction was held on November 16, 2018. After hearing the parties' arguments, the trial court denied all of the defendants' exceptions and granted a preliminary injunction, prohibiting Mr. Abadie from "performing any acts as Administrator." At the hearing the defendants gave notice of their intent to appeal the rulings and asked the court to stay its rulings pending the appeal, which the trial court denied. A written judgment reflecting the trial court's rulings was signed on December 5, 2018. The defendants timely filed their notice of intent to seek supervisory review of the denial of their exceptions. The defendants again requested a stay, which was denied. The defendants also appealed from that part of the trial court's judgment granting the preliminary injunction. The writ application was timely filed in this court, which then referred it to the panel considering the appeal and denied the defendants' request for a stay.[5] **Russell v. Cantrelle**, 2018-1762 (La. App. 1 Cir. 1/8/19) (*unpublished writ action*).

---

[4] Louisiana Code of Civil Procedure article 1878(A) states:

> Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant the relief. If the application is considered sufficient, the court, on reasonable notice, shall require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith.

[5] When an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory rulings prejudicial to him, in addition to review of the final judgment appealed. **Young v. City of Plaquemine**, 2004-2305 (La. App. 1 Cir. 11/4/05), 927 So. 2d 408, 411.

4

The matter proceeded in the trial court with the defendants answering the petition and filing a reconventional demand seeking a declaratory judgment regarding Mr. Abadie's ability to serve as interim Administrator after his nomination for permanent Administrator failed. After a trial on January 15, 2019, the trial court signed a judgment on February 13, 2019, wherein it found that Mr. Cantrelle's actions in maintaining Mr. Abadie as interim Administrator following the Council's rejection of his nomination and Mr. Abadie's continued assumption of that position violated the Charter. The trial court did not grant declaratory relief as to whether the Council's rejection of Mr. Abadie's nomination constituted a rejection of his position as interim Administrator because it found the proper party had not been joined. From this judgment, the defendants appealed. They also filed a motion to consolidate the appeal of the December 15, 2018 judgment, the writ, and the appeal of the February 13, 2019 judgment (2019 CA 0815). This court denied the motion on October 1, 2019.

In this appeal of the December 15, 2018 judgment on the preliminary injunction, the defendants assert six assignments of error.[6] In the first assignment of error, the defendants contend that the trial court erred in denying their exception of no right of action. In the second assignment of error, the defendants contend that the trial court erred in denying Mr. Abadie's exception of no cause of action. In the third assignment of error, the defendants contend that the trial court erred in denying their exception of prematurity and in issuing a preliminary injunction. In their fourth assignment of error, the defendants contend that the trial court "erroneously left the executive branch of the Lafourche Parish Government with no lawyer at all by failing to recognize the nature or consequence of the 'legal

---

[6] We note that the defendants assert the same assignments of error in the later appeal, and the briefs of the defendants and the District Attorney are identical in both appeals.

relationship' created by La. R.S. 16:2(E)." In their fifth assignment of error, the defendants challenge the trial court's refusal of declaratory relief to them on their reconventional demand and its interpretation of the Charter. Lastly, in their sixth assignment of error, the defendants challenge the trial court's denial of their motion in limine that was filed before the hearing on the declaratory judgment portion of the suit.

## LAW AND ANALYSIS

On appeal, the defendants raise several issues for review regarding the merits of their contentions, some of which do not pertain to this appeal of the preliminary injunction judgment, but to the declaratory judgment appeal.[7] However, we must first address whether this appeal is moot, an issue raised by the District Attorney in her brief. An issue is moot when a judgment or decree on that issue has been "deprived of practical significance" or "made abstract or purely academic." **In re E.W.**, 2009-1589 (La. App. 1 Cir. 5/7/10), 38 So.3d 1033, 1037. Thus, a case is moot when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect. **Id.**, 38 So.3d at 1036. It is well settled that courts will not decide abstract, hypothetical, or moot controversies, or render advisory opinions with respect to such controversies. **Tobin v. Jindal**, 2011-0838 (La. App. 1 Cir. 2/10/12), 91 So.3d 317, 321. A "justiciable controversy" is one presenting an existing actual and substantial dispute involving

---

[7] A preliminary injunction is an interlocutory procedural device designed to preserve the status quo between the parties, pending a trial on the merits. **Tobin v. Jindal**, 2011-0838 (La. App. 1 Cir. 2/10/12), 91 So.3d 317, 320. Although the judgment on the preliminary injunction is interlocutory, a party aggrieved by a judgment either granting or denying a preliminary injunction is entitled to an appeal. La. C.C.P. art. 3612(B); **Tobin**, 91 So.3d at 320. A preliminary injunction judgment is an interlocutory judgment for which an appeal is expressly provided by law. See La. C.C.P. art. 2083(C). Because a preliminary injunction judgment is interlocutory, the decretal language requirements applicable to final judgments do not apply. See La. C.C.P. art. 1918 ("A final judgment shall be identified as such by appropriate language."), La. C.C.P. art. 1841 ("A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. A judgment that determines the merits in whole or in part is a final judgment."). See also La. C.C.P. art. 1914.

6

the legal relations of parties who have real adverse interests and upon whom the judgment of the court may effectively operate through a decree of conclusive character. **Tobin**, 91 So.3d at 321.

If the case is moot, there is no subject matter on which the judgment of the court can operate. That is, jurisdiction, once established, may abate if the case becomes moot. The controversy must normally exist at every stage of the proceeding, including appellate stages. **Stevens v. St. Tammany Parish Government**, 2016-0197 (La. App. 1 Cir. 1/18/17), 212 So.3d 562, 566-67.[8]

In the instant matter, we find the District Attorney's preliminary injunction action is moot based on the language of the Charter. The basis of the District Attorney's injunction was that Mr. Abadie could not continue to serve as interim Administrator after the Council rejected his nomination. Article III, Section 3(D)(5) of the Charter, relative to the appointment of the Administrator, specifically provides:

> A newly elected or re-elected President shall within sixty (60) days after assuming office, submit nominations for the Administrator and the heads of all departments, except Civil Service, to the Council for confirmation. Within thirty (30) days after the President makes the nomination, the Council shall vote to confirm or reject each nomination by resolution. If a nomination for Administrator or head of a department is confirmed by the Council, the person confirmed shall assume the office and serve thereafter at the pleasure of the President, unless removed by the Council as provided for in this Charter. **If a nomination for Administrator or head of a department is rejected by the Council, the person rejected shall not assume the office to which nominated, and the President shall submit a new nomination within sixty (60) days after the date of the rejection. The person rejected shall not be eligible for re-nomination for the position involved for a period of six (6) months after the date of the rejection vote. The President may appoint an**

---

[8] We note that the issue of subject matter jurisdiction may be raised at any time, even by the court on its own motion, and at any stage of an action. **Tobin**, 91 So.3d at 321 n.6. Thus, it is of no consequence that defendants raised the issue of mootness for the first time in their appellate brief without filing an answer to the appeal or a motion to dismiss the appeal. **Id**. In the interest of judicial economy, an appellate court may consider the possibility of mootness on its own motion and dismiss the appeal if the matter has in fact become moot. **Id**.

**interim Administrator or department head who shall serve until a permanent Administrator or department head is confirmed.** If a vacancy occurs in the office of Administrator or any department head after a person has been initially confirmed in that position, the President shall submit a nomination to fill the vacancy to the Council within sixty (60) days after the date on which the vacancy occurs. The Council shall act on the nomination within thirty (30) days thereafter. (Emphasis added.)

The Charter provides that a person whose nomination is rejected for Administrator "shall not be eligible for renomination for the position involved for a period of six (6) months after the date of the rejection vote." In this case, the rejection vote occurred on October 1, 2018; therefore, the six-month period after which Mr. Abadie's nomination was rejected expired on April 1, 2019. After April 1, 2019, Mr. Abadie was eligible to be renominated for the position of Administrator. In her petition, the District Attorney stated that because of this provision, she did not seek to make the requested preliminary injunction permanent, and she also asked that the preliminary injunction not exceed the period of ineligibility set forth in the Charter, that is, the six-month period. The District Attorney in the petition also referred to an opinion from a prior District Attorney that concluded that the person named interim Administrator could not be someone who was rejected by the Council, unless the mandatory six-month time period had elapsed.[9] While the trial court's judgment on the preliminary injunction prohibited Mr. Abadie from performing any acts as Administrator, the District Attorney only sought injunctive relief for the six-month period during which Mr. Abadie was ineligible to be renominated for permanent Administrator. The trial court in deciding the preliminary injunction stated that Mr. Abadie could not act as the interim Administrator "until he is [renominated] or reapplies in the six month time

---

[9] The District Attorney also issued an opinion in this matter consistent with her allegations in the petition.

8

frame." As this period has expired, any ruling by this court concerning the trial court's grant of a preliminary injunction would have no effect because the six-month time period upon which the request for injunctive relief was based has passed. A court of appeal will not review a case when only injunctive relief is sought and the need for that relief has ceased to be a justiciable issue. **Tobin**, 91 So.3d at 321.

In brief, the District Attorney pointed out that exceptions to the mootness doctrine have been recognized. A finding of mootness is precluded when: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again. **Louisiana State Bd. of Nursing v. Gautreaux**, 2009-1758 (La. App. 1 Cir. 6/11/10), 39 So.3d 806, 812, writ denied, 2010-1957 (La. 11/5/10), 50 So.3d 806. We do not find these exceptions applicable in the instant case because the issues raised in this appeal have been raised in the appeal of the declaratory judgment.

Even though the requirements of justiciability are satisfied when the suit is initially filed, when the fulfillment of these requirements lapses at some point during the course of litigation before the moment of final disposition, mootness occurs. In such a case, there may no longer be an actual controversy for the court to address, and any judicial pronouncement on the matter would be an impermissible advisory opinion. See **City of Hammond v. Parish of Tangipahoa**, 2007-0574 (La. App. 1 Cir. 3/26/08), 985 So.2d 171, 178 (citing **Cat's Meow, Inc. v. City of New Orleans Through Department of Finance**, 98-0601 (La. 10/20/98), 720 So.2d 1186, 1193-94). We find that any opinion in the instant matter would be purely advisory, and rendition of such opinions is

9

reprobated by law. Accordingly, we conclude that the defendants' appeal of the preliminary injunction is moot.[10]

## CONCLUSION

For the above reasons, the appeal of the preliminary injunction portion of the judgment of December 5, 2018, is hereby dismissed as moot. Costs of the appeal in the amount of $1,740.75 are assessed against James B. Cantrelle Lafourche, in his official capacity as Lafourche Parish President, and Brent Abadie, individually.

**APPEAL DISMISSED.**

---

[10] We note that the petition herein for a preliminary injunction failed to state a cause of action because it was not coupled with a request for a permanent injunction. "The action is for an injunction; the temporary restraining order and preliminary injunction are ancillary; the right to the permanent injunction must be prove[n] before a preliminary injunction may issue." La. C.C.P. art. 3601, Editor's notes, citing **Equitable Petroleum v. Central Transmission**, 431 So.2d 1084, 1087 (La. App. 2 Cir. 1983). See also **Marchand v. Texas Brine Company, LLC**, 2018-0621 (La. App. 1 Cir. 1/28/19), 272 So.3d 101, 103, writ denied, 2019-0455 (La. 9/6/19), 278 So.3d 372. However, because we are dismissing this appeal as moot, we do not notice this failure to disclose a cause of action on our own motion. See La. C.C.P. art. 927(B).

10

# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2019 CA 0284

### KRISTINE RUSSELL, IN HER OFFICIAL CAPACITY AS DISTRICT ATTORNEY FOR LAFOURCHE PARISH

### VERSUS

### JAMES B. CANTRELLE, IN HIS OFFICIAL CAPACITY AS LAFOURCHE PARISH PRESIDENT; AND BRENT ABADIE, INDIVIDUALLY

**************************************************

**McClendon, J., dissenting.**

I disagree with the majority's finding that the appeal is moot. Although the language of the Charter provides that the ineligibility period for re-nomination expires six months after the date of rejection, there is no language in the judgment limiting the preliminary injunction to a six-month time period. Therefore, I respectfully dissent.