STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0978

STANDARD MORTGAGE COMPANY

VERSUS

GARY DUBOIS BEY, INDVIDUALLY AND AS TRUSTEE OF THE GDB
FAMILY TRUST

Judgment rendered: **MAY 2 7 2021**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish East Baton Rouge
State of Louisiana
No. 682389, Division "O" Section 25

The Honorable Wilson E. Fields, Judge Presiding

* * * * *

Stacy C. Wheat                          Attorneys for Plaintiff/Appellee
Louis Graham Arceneaux                  Standard Mortgage Company
Foerstner G. Meyer
New Orleans, Louisiana


Gary Dubois Bey                         In Proper Person
Zachary, Louisiana



* * * * *

**BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.**

**HOLDRIDGE, J.**

In this foreclosure proceeding, the defendant, Gary Dubois Bey,[1] individually and as trustee of the GDB Family Trust, appeals a judgment of the trial court that denied his request for a permanent injunction. For the following reasons, we dismiss the appeal as moot.

## FACTUAL AND PROCEDURAL HISTORY

On April 28, 2017, the defendant executed a promissory note in the sum of $190,486.00 payable to Primelending, a Plainscapital Company, who assigned the note and mortgage to Standard Mortgage Corporation (Standard). The promissory note was secured by property located in Zachary, Louisiana. On March 14, 2018, the defendant recorded a quitclaim deed purporting to convey the secured property to the GDB Family Trust with the defendant acting as the trustee. The defendant defaulted on the note on September 1, 2018. Thereafter, Standard commenced a foreclosure proceeding against the defendant by filing a petition for executory process in East Baton Rouge Parish. Standard attached the original note to its petition along with a certified copy of the mortgage recorded in the mortgage records of East Baton Rouge Parish. Pursuant to Standard's request, the trial court ordered the issuance of a writ of seizure and sale that commanded the sheriff to seize and sell the mortgaged property. The writ of seizure was issued on July 17, 2019, and a notice of seizure of the property was recorded in East Baton Rouge Parish on July 23, 2019.

On October 25, 2019, the defendant filed a "Preliminary Injunction."[2] The defendant argued that Standard did not have standing to file a foreclosure proceeding against him because the original promissory note was not made payable

---

[1] We note that the record reflects that the defendant is Nixkamich Eluwilussit, formerly known as Gary Dubois Bey.

[2] On October 31, 2019, the defendant filed an addendum to his preliminary injunction request, which appears to be an order for the trial court to sign.

2

to Standard. On October 30, 2019, the property was sold at a sheriff's sale. On December 26, 2019, Standard filed a memorandum in opposition to the defendant's request for preliminary injunction, asserting that it properly filed a petition for executory process in this case and fulfilled "all requirements of Louisiana law." Standard argued that it was the defendant's burden to establish any defect with the executory process and the defendant failed to do so. The defendant "failed to file any memorandum in support of the request for [i]njunction and there [was] no legal basis set forth in the [p]etition." Standard further argued that the defendant neither alleged nor proved any irreparable injury in this matter. Therefore, Standard argued that the defendant's injunctive relief request should be denied.

On February 12, 2020, the trial court granted the defendant a preliminary injunction, which allegedly "prohibit[ed] the distribution of proceeds by the sheriff from the sheriff's sale of the [p]roperty."[3] In response, Standard filed a motion for new trial, alleging that a new trial was necessary pursuant to La. C.C.P. art. 1972(1)[4] because the granting of the preliminary injunction was not supported by the record.

On July 8, 2020, the trial court held a hearing on the defendant's request for permanent injunction and Standard's motion for new trial, wherein it denied both the motion for new trial and permanent injunction. The trial court signed a judgment on August 7, 2020 in accordance with its oral ruling. The judgment did

---

[3] The record does not contain a transcript of the hearing held on February 12, 2020. Standard contends that the trial court allegedly issued a preliminary injunction to stay the distribution of the sale proceeds and not to stop the sale of the property. Although the sheriff's sale has been completed, the record does not indicate whether the proceeds have been distributed an this issue is now moot. We further note that the defendant has not raised this issue on appeal.

[4] Louisiana Code of Civil Procedure article 1972(1) provides that a new trial shall be granted, upon contradictory motion of any party, when the verdict or judgment appears clearly contrary to the law and evidence.

not address the motion for new trial.[5] The defendant devolutively appealed the trial court's judgment[6] and assigned as error that the trial court erred in granting a judgment in favor of Standard because "new supportive evidence [was] submitted … and not yet reviewed prior to the decision." The defendant further assigned as error that the trial court "erred in its decision to proceed with a zoom meeting that was scheduled within 24 hours of the original court scheduled appearance in Room 25 of the 19th District Court; thus, jeopardizing possibility of receiving accurately filed documents[.] As a result of the untimely phone notification from the [trial court] … a complete docket was void for proper updating[.]" However, we will not address the defendant's two assignments of error because the appeal is moot.

## DISCUSSION

Louisiana Code of Civil Procedure article 2642 provides, in pertinent part:

> A. Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both.

> B. A suspensive appeal from an order directing the issuance of a writ of seizure and sale shall be taken within fifteen days of service of the notice of seizure as provided in Article 2721.

In this case, the defendant asserted his defense to the executory proceeding by an injunction proceeding rather than suspensively appealing from the order directing the issuance of the writ of seizure and sale of the property. After a hearing, the trial court denied the defendant's request for a permanent injunction. Rather than suspensively appealing the order issuing the writ of seizure and sale prior to the sheriff's sale, the defendant devolutively appealed the August 7, 2020

---

[5] When the trial court renders a judgment on the merits on the petition for a permanent injunction, the issue of the preliminary injunction becomes moot. Thus, Standard's motion for new trial is moot. **Tobin v. Jindal**, 2011-0838 (La. App. 1 Cir. 2/10/12), 91 So.3d 317, 321.

[6] We deny the defendant's pending motions to file a reply brief due to our holding in this matter.

4

judgment denying the permanent injunction. The defendant's appeal was taken after the sheriff's sale had occurred.

Like the defendant in the instant matter, when a party chooses to present defenses and objections to the seizure and sale by way of a suit for injunctive relief, they take the substantial risk that, upon denial of a preliminary injunction, the property will be sold before an appellate court considers the merits of a devolutive appeal. **Acme Mortgage Co., Inc. v. Cross**, 464 So.2d 945, 947 (La. App. 4 Cir. 1985). In **Acme Mortgage Co., Inc.,** the Fourth Circuit stated the following:

> A suspensive appeal taken within fifteen days from the issuance of the writ of seizure and sale suspends its execution during the pendency of the appeal, and the property cannot be sold. On the other hand, if a defendant chooses to seek injunctive relief and the Trial Court denies it, there is no right to a suspensive appeal, La. C.C.P. art. 3612, and while there is a right to a devolutive appeal, more probably than not, the property will be sold while the appeal is pending.

**Acme Mortgage Co., Inc.,** 464 So.2d at 946.

Given the posture of this matter, the defendant's claim is now moot. An issue is moot when a judgment or decree on that issue has been "deprived of practical significance" or "made abstract or purely academic." **In re E.W.**, 2009-1589 (La. App. 1 Cir. 5/7/10), 38 So.3d 1033, 1037. Thus, a case is moot when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect. **Id**. It is well settled that courts will not decide abstract, hypothetical, or moot controversies, or render advisory opinions with respect to such controversies. **Tobin**, 2011-0838 (La. App. 1 Cir. 2/10/12), 91 So.3d 317, 321. A "justiciable controversy" is one presenting an existing actual and substantial dispute involving the legal relations of parties who have real adverse interests and upon whom the judgment of the court may effectively operate through a decree of conclusive character. **Id**.

5

In this case, the property at issue was sold at a sheriff's sale on October 30, 2019. The defendant appealed the trial court judgment on July 20, 2020. "[O]nce the final judgment has been signed, any previously existing defect has been cured, and there is no useful purpose in dismissing the otherwise valid appeal." **Overmier v. Traylor**, 475 So. 2d 1094, 1094-95 (La. 1985) (*per curiam*) (reinstating an appeal taken from the trial court's reasons for judgment, when a final judgment was thereafter signed); see **Chauvin v. Chauvin**, 2010-1055 (La. App. 1 Cir. 10/29/10), 49 So. 3d 565, 568 n.1 (finding that defect arising from premature motion for appeal, prior to final judgment being signed, is cured once the final judgment has been signed); **City of Denham Springs v. Perkins**, 2008-1937 (La. App. 1 Cir. 3/27/09), 10 So. 3d 311, 317 n.5, writ denied, 2009-0871 (La. 5/13/09), 8 So. 3d 568.

Because the property was sold before the defendant took his appeal, it is now impossible for this Court to grant injunctive relief or stay the sale of the property, and no judgment that this Court could render on the merits of the appeal can be made effective. **Fidelity Bank v. Succession of Dowden**, 2020-0241 (La. App. 4 Cir. 10/7/20), ____So.3d___, ____, 2020 WL 5939215, at *4, writ denied, 2020-01390 (La. 1/26/21), 309 So.3d 345. See **Bradley & Braud, Inc. v. Canady**, 342 So.2d 1184, 1185 (La. App. 1 Cir. 1977) ("It is correct that a[n]...appeal from a judgment refusing to grant an injunction is a moot question when the property has already been seized and sold."); **Mr. Pizza, Inc. v. Furlow**, 230 So.2d 649, 652 (La. App. 4 Cir. 1970) (holding that the appeal must be dismissed where the sale of property by executory process had already taken place at the time of the appeal).

Accordingly, we find that the trial court properly denied the defendant's injunctive relief claim and that the issue presented herein is moot. Since the sale of the property is an accomplished fact, there is no order or judgment this Court could

render to grant the defendant the relief he seeks or to undo that which has already been done. Any judgment or decree by this Court would only be an advisory opinion, offering no practical relief. **U.S. Bank National Association as Trustee for Banc of America Funding Corporation, Mortgage Pass-Through Certificates, Series 2004-2 v. Lowe**, 2019-411 (La. App. 5 Cir. 3/17/20), 293 So.3d 743, 747. If the defendant had taken a suspensive appeal from the order directing the issuance of the writ of seizure and sale, the property could not have been sold during the pendency of the appeal. See La. C.C.P. art. 2642(B). Instead, the defendant chose to file a claim for injunctive relief, and the property was sold at a sheriff's sale prior to the defendant's appeal of the judgment denying the permanent injunction. See **Holmes v. St. Amant**, 550 So.2d 977, 979 (La. App. 5 Cir. 1989). Thus, the issue presented here is moot and we dismiss this appeal.

## CONCLUSION

For the foregoing reasons, we dismiss Gary Dubois Bey's appeal of the trial court's judgment denying his permanent injunction as moot. Costs of this appeal are assessed against the defendant, Gary Dubois Bey, individually and as trustee of the GDB Family Trust.

**APPEAL DISMISSED.**

7