# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

PHILLIP ALLEN WILSON

VERSUS

LIZ MURRILL, IN HER OFFICIAL
CAPACITY AS THE ATTORNEY
GENERAL OF THE STATE OF
LOUISIANA, HILLAR C. MOORE,
III, IN HIS OFFICIAL
CAPACITY AS DISTRICT
ATTORNEY FOR EAST BATON
ROUGE PARISH

**MARCH 19, 2026**

---

In Re:   Liz Murrill, in her official capacity as the Attorney General of the State of Louisiana, and Hillar C. Moore, III, in his official capacity as District Attorney for East Baton Rouge Parish, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 759216.

---

**BEFORE:   MILLER, EDWARDS, AND FIELDS, JJ.**

**WRIT GRANTED IN PART AND DENIED IN PART.** The writ is denied as to the portion of the trial court's August 25, 2025 judgment which denied, in part, Defendants', Liz Murrill, in her official capacity as the Attorney General of the State of Louisiana, and Hillar C. Moore, III, in his official capacity as the District Attorney for East Baton Rouge Parish, Exception of Lack of Subject Matter Jurisdiction. Subject matter jurisdiction is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. Code Civ. P. art. 2. Subject matter jurisdiction is created by the constitution or by legislative enactment; the parties cannot confer or waive it. **Christian Schools, Inc. v. Louisiana High School Athletic Association,** 2020-0762 (La. App. 1st Cir. 5/18/22), 342 So.3d 1068, 1072, writ denied, 2022-01015 (La. 10/12/22), 348 So.3d 78, citing La. Code Civ. P. art. 3. With few exceptions, Louisiana district courts have original jurisdiction over all civil and criminal matters. **Piazza's Seafood World, LLC v. Odom,** 2007-2191, (La. App. 1st Cir. 12/23/08), 6 So.3d 820, 825, citing La. Const. art. V, § 16(A). It is the district court that has original jurisdiction to rule on the constitutionality of statutes. **Piazza's Seafood World, LLC v. Odom,** 6 So.3d at 825, citing **ANR Pipeline Co. v. La. Tax Com'n,** 2002-1479 (La. 7/2/03), 851 So.2d 1145, 1151. We find that the trial court properly denied the exception of lack of subject matter jurisdiction.

The writ is granted as to the portion of the trial court's judgment which denied Defendants' Exception of No Cause of Action, and this portion of the trial court's August 25, 2025 judgment is reversed. The Louisiana Supreme Court has held that

the party challenging constitutionality has a three-part burden: the constitutional challenge must first be made in the trial court; the unconstitutionality must be specially pleaded; and the grounds outlining the basis of unconstitutionality must be particularized. **Labranche v. Landry**, 2022-0461 (La. App. 1st Cir. 12/15/22), 357 So.3d 395, 405, citing **Istre v. Meche**, 2000-1316 (La. 10/17/00), 770 So.2d 776, 779; see **Vallo v. Gayle Oil Co.**, 94-1238 (La. 11/30/94), 646 So.2d 859, 864-65. The allegations made by Plaintiff, Phillip Allen Wilson, in his petition alleging the unconstitutionality of La. R.S. 14:42, that La. R.S. 14:42 is vague, the mandatory life sentence imposed by La. R.S. 14:42 violates the separation of powers, and La. R.S. 14:42 constitutes cruel and unusual punishment, have been rejected by various courts in Louisiana. See **State v. Prestridge**, 399 So.2d 564, 571 (La. 1981), (rejecting the argument that La. R.S. 14:42 is unconstitutionally vague); **State v. Berry**, 95-1610 (La. App. 1st Cir. 11/8/96), 684 So.2d 439, 459-60, writ denied, 97-0278 (La. 10/10/97), 703 So.2d 603, citing **Prestridge**, 399 So.2d at 582 (holding that the Supreme Court has consistently held it is within the legislature's prerogative to determine the length of sentences for felony crimes.); and **State v. Ford**, 2017-0471 (La. App. 1st Cir. 9/27/17), 232 So.3d 576, 588, writ denied, 2017-1901 (La. 4/22/19), 268 So.3d 295 (holding mandatory life sentence under La. R.S. 14:42 was not unconstitutionally excessive). We find Plaintiff's petition contains no allegations against the Defendants and fails to state a cause of action of unconstitutionality as to the statute at issue. Therefore, Defendants' Exception of No Cause of Action is granted and Plaintiff's claims against Liz Murrill, in her official capacity as the Attorney General of the State of Louisiana, and Hillar C. Moore, III, in his official capacity as the District Attorney for East Baton Rouge Parish, are dismissed.

**SMM**
**BDE**
**WEF**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT